Rutland,
January,
1826.

Barrett & Co.
*vs.*
Hall & Co.

---

ADIN KENDRICK and REBECCAH, HIS WIFE, appellants, *vs.* JOSIAH HARRIS, EXECUTOR OF ALEXANDER DONAHUE, DECEASED, appellee.

In cases of appeal from decrees of the probate court, it is necessary that every substantial averment, upon which the party relies, should be made; and such as are not denied, will, of course, be considered as admitted by the opposite party.

An objection to the order appointing a committee to set off dower, cannot be taken advantage of, upon an appeal from the decree accepting the report of such committee.

It is the duty of the probate court, in his commission to the committee, to set out the widow's dower, particularly to describe all the real estate, of which the husband died seized in his own right, and it is the duty of the committee to view the premises, and appraise the same.

THIS was an appeal from a decree of the probate court for the district of Fairhaven, accepting the report of *Tilly Gilbert, Isaac Cutler* and *Samuel Moulton,* a committee appointed by said court, to set off the dower of the said Rebeccah, in the estate of the said *Alexander,* of whom she was late the widow.

The appeal being entered in this Court, the following were set down as the causes why the decree accepting the report of the committee, together with the order of court appointing said committee, ought to be reversed.

1. That two of the said committee were and are interested in the question relative to setting off said dower, for that the town of Fairhaven, in said county, where the said *Tilley* and *Isaac* have lived, and now live and are inhabitants, are residuary legatees in and by the will of said *Alexander.*

2. That the said committee appraised and estimated the real estate of the said Alexander, by them set off, and all other real estate, of which the said Alexander died seized, without seeing the same, and without any personal knowledge thereof, or any legal evidence of their present value.

3. That the aforesaid committee wholly mistook the value of the lands so set off by them, to the said Rebeccah, and estimated them at the sum of one thousand dollars more than their real and present value in money. And never made any correct and true estimate of the remaining part of said real estate. All which they are ready to verify, and thereof pray judgment, that the said order and decree of said probate court may be set aside, and held for nought. And that a new committee may be appointed to set off her the said Rebeccah's dower, or share in said estate.

To these objections no answer was put in, but they were treated, on the hearing, as being demurred to.

*Rutland,*
*January,*
*1826.*

Kendrick and
wife,
*vs.*
Harris, Ex'r
of Donahue.

*Langdon* and *Williams,* for the appellants, insisted that the committee ought to have been disinterested, and that without an actual appraisal by the committee, the report ought not to have been accepted.

*Bates,* for the appellees, contended, as to the first reason assigned, That if the committee were interested, the appeal should have been from the decree *appointing* them. It constitutes no objection to the judgment accepting their report, and does not appear to have been urged as such at the time.

Neither does the fact, that the town in which they reside is a residuary legatee, show them interested; for it is not stated but what debts and other legacies absorb the whole estate. Such an interest must be certain. Whereas, for aught that appears, it may be certain that they have none.

As to the second reason assigned---

The committee would probably inquire of intelligent men in regard to the value of the lands. The several lots were situated at a great distance from Fairhaven, and from each other. The committee were not bound to go to them in person. And they have no power to take "legal evidence" on the subject. As to the third objection---

It is too loose and uncertain. It is said they estimated the estate above its present value in money. But between the time of the estimation and the time when the reasons were assigned, they might have depreciated in value, by fires and otherwise. They might have estimated the widow's dower correctly, and never have made "a true estimate of the remaining part."

But further, by the statute, this committee are to exercise "their best judgment." No two committees would agree in appraising lands. Where the matters depend on judgment and estimation, their report is not to be set aside because they err. There must be some corruption or mistake as to a matter of fact.---*Stat.* 348, *Ch.* 44, §72.

The opinion of the Court was delivered by

SKINNER, Ch. J. No precise form of excepting to the order or decree of the judge of probate in case of appeal, has been established by the Court. It is necessary that every substantial averment upon which the party relies, should be made; and such as are not denied will of course be considered as admitted by the opposite party. Though no issue for a jury can be formed in case of appeal from the decree of the judge, excepting from the probate of a will, it is necessary the attention of the parties and the court should be directed and confined to particular points, and that the questions made and decided should distinctly appear upon the record.

In this case, the first exception cannot be noticed, as no appeal was taken from the decree of the judge appointing the commissioners.

The second and third exceptions may as well be considered together, and they are well founded. It is the duty of the court

of probate, in his commission to the commissioners appointed to set out the widow's dower, particularly to describe all the real estate of which the husband died seized in his own right, and it is the duty of the committee to appraise the same. And without a view of the premises, no such appraisal can be made by them, as the law contemplates. The persons interested are supposed to rely upon, and have a right to claim the exercise of their judgments, as well as to the value of the estate as to what particular part thereof is most suitable and proper to be set apart for the use of the widow. The committee are not at liberty to take the former appraisal for their guide, nor to rely exclusively upon the testimony or opinion of others. The proceeding in this case has been improper, and the law will not presume justice has been done.

*Rutland,*
*January,*
*1826.*
⌣⌣
Kendrick and
wife
*vs.*
Harris, Ex'r
of Donahue.

The decree of the judge of probate, therefore, must be set aside, &c.

*C. Langdon* and *Ch. K. Williams*, for the appellants.

· *Wm. Page* and *R. B. Bates*, for the appellee.