The heirs of Smith v. Daniel Rix, Administrator.

In appeals from the probate court, this court sits as a Supreme Court of probate. The whole case, both law and fact, is before them, but the facts must be found by commissioners.

The court of probate, by petition for that purpose, may correct errors in its former decrees. after any lapse of time short of twenty years, where the interest of the parties only is concerned. But this should only be done, where the errors are apparent, or conceded by the parties, or proved *beyond all doubt.*

This was an appeal from the probate court, on the petition of the heirs of Jacob Smith, late of Royalton deceased, against the administrator, praying that certain errors in a decree of the probate court, on a partial accounting of the administrator and his former colleague, in the month of January, 1820, should be corrected.

It was admitted that the administrators had been credited $84, on account of a debt allowed one Noble, by the commissioners, and by them reported at $84, when, in fact, the debt was only $0,84, and was, by the administrators, paid and settled for 84 cents.

The other mistake was in allowing the administrators the full amount allowed the town of Royalton, as due from the estate, for money collected and not accounted for, when in fact, there had been collected and paid into the treasury of the town $138, which was allowed the administrators on settlement with the town, or collected from the persons, from whom the taxes were due, and should have been accounted for by the administrators.

Windsor,
*February,*
1837.

Heirs of
Smith
*v.*
Rix.

After the case was entered in this court, the counsel for the petitionee moved to dismiss the proceedings.

The opinion of the court was delivered by

REDFIELD, J.—It is claimed, that the probate court had no jurisdiction of this petition, after such lapse of time. It is incident to every court of record to revise and correct its own proceedings. In those courts, where the proceedings are according to the course of the common law, the usual and appropriate resorts, are writ of error, *audita querela*, petitions for new trial, and, sometimes, motion merely. It was held in a case some years since in this court, in Orleans county, that an error in taxing a bill of cost could only be corrected by motion. It was decided on the present circuit, in Franklin county, that the mistake of the county court, in assessing damages, could not be corrected by an *audita querela*, but only on motion. This mode of correcting the misprisions of the clerks in this court and the county court is familiar with the profession. It is incident to all courts, and especially to those courts, whose proceedings are not according to the course of the common law. In courts of probate, this is usually done upon petition and notice to the adverse party, as in the present case.

The lapse of time, it is contended here, should prevent the court from re-examining their former decree. There is no statute of limitations applicable to the subject. Twenty years have not elapsed, so as to prevent both parties from disputing or enforcing the judgment. Indeed, the petitionee is now attempting to enforce this erroneous decree. We think any time, short of twenty years, will not bar the court from correcting their orders, judgments or decrees, when the parties only are concerned. But, most undoubtedly, they should enter upon such re-examination with great caution, and only upon the most conclusive evidence.

As the appeal in this case brings the whole cause before this court, to be determined upon its merits, as the supreme court of probate, the motion to dismiss being overruled, the case must be referred to commissioners to find the facts, unless they are conceded. The facts being agreed here, as in the probate court, this court decreed the correction of those errors, and certified the decree to the probate court, to be there perfected and carried into effect.

*Aikens & Edgerton, for petioners.*

*Titus Hutchinson, for petionee.*