# GRAND ISLE COUNTY.

## JANUARY TERM, 1842.

PRESENT, HON. JACOB COLLAMER,  
    "  ISAAC F. REDFIELD, } *Assistant Justices.*  
    "  MILO L. BENNETT,

JOHN MINKLER and others, appellants, *v.* The Estate of
PETER MINKLER, appellees.

If a testator execute his will, and the will is not to be found at the time
of his decease, this raises a presumption of his having destroyed it with
intent to revoke it.

But this is a presumption of fact, merely, which may be encountered by
contrary proof, and the will thus established.

THIS was an appeal to the county court from a decree
of the probate court for the district of Grand Isle, disallow-
ing a paper presented to said probate court as a copy of the
last will and testament of Peter Minkler.

On the trial in the county court, the appellants exhibited
a paper, in the form of a will, executed by Peter Minkler, de-
ceased, and proposed to prove, by parol, that the said Minkler,
on or about the 7th day of January, A. D. 1839, did execute
a will, corresponding with the paper so exhibited, and that
said will was never revoked by him; but was, by some means
unknown, lost or destroyed previous to his death. This evi-
dence was objected to as incompetent, but was admitted;
whereupon it was proved, by parol, that such a will was
executed at the time aforesaid, by said Minkler, with all the
formalities required by law for a legal will of real as well as

GRAND ISLE,
January,
1842.

Minkler *et al.*
*v.*
Estate of
Minkler.

personal estate and that the testator was of sound mind when he executed it.

It was also proved that, previous to the death of said Minkler, said will was missing from the trunk where the same was deposited and kept, in the house of the testator, and that it had never since been found, though diligent search had been made for it. It was contended that, without evidence of an actual destruction of, or making away with, the will, by some other person, a conclusive presumption should be raised that it was destroyed by the testator, or by his direction, *animo revocandi*. But the condition of the testator, and other circumstances being such as to satisfy the court that no such revocation had taken place, the paper so exhibited in evidence was found to be a true form and representation of the will, and the court decided that the said paper ought to be admitted to probate as and for the last will and testament of the said Peter Minkler; to which decision the appellees excepted.

*Allen & Platt,* for appellees.

The defendants contend that, in relation to the revocation of the will, (the same not being found at the time of the decease of the testator, nor since,) every presumption should have been made that it was revoked by the testator in his life time, and that nothing short of positive testimony should have been received to show its loss.

*Smalley & Adams* and *G. Harrington* for appellants.

1. The evidence offered by the plaintiffs was properly admitted by the court. A will stands upon the same principle, in relation to the admission of parol evidence to prove its execution or contents, as any other written document. *Harwood* v. *Goodright,* 1 Cowp. 87, 3 Wilson, 497, in Com. Pleas. 2. Saund. Pl. & E. 539. 3 Starkie's Ev. 1681.

2. If the will was missing from the trunk where it was deposited and kept by the testator, and on diligent search has not yet been found, it is lost so far as these plaintiffs are concerned, and if it was not revoked by the testator, then it was not destroyed by him, as a destruction by him would be a revocation; and if it once existed, unless there be evidence of its having been cancelled or revoked by the testator, the

law presumes its continued existence to the time of his <span style="float:right"></span> death. *Jackson* v. *Betts,* 9 Cowen, 222. *Harwood* v. *Goodright,* 3 Wils. 497.

That circumstantial evidence may be admitted to rebut the presumption of a revocation, arising from the absence of the will, is a well settled rule in the English Ecclesiastical courts. 3 Starkie's Ev. 1715. *Loxley* v. *Jackson,* 1 Ecc. Rep. 375. *Davis* v. *Davis,* 2 Ecc. Rep. 277. *Lilley* v. *Lilley,* 5 Ecc. Rep. 68.

The opinion of the court was delivered by

REDFIELD, J.—The issue in the court below was upon the legal existence of the will, at the decease of the testator. This was joined and tried by the court. They established the will upon such evidence as satisfied them that, although the will had been destroyed, by some one, before the decease of the testator, it was not with his privity. We have no doubt this is perfectly competent to be done. When a will is shown to have once existed, it then continues, unless revoked in one of the modes pointed out by statute, i. e. 'by the 'implication of law, or by some will, codicil, or other writing, 'executed in the same manner wills are required to be, or by 'burning, cancelling, or obliterating, with the intention of re- 'voking,'&c. Now it is observable, first, that the mere absence of a will, shown once to have existed, does not in fact show either of these modes of revocation, i. e. *burning, cancelling* or *obliterating ;* much less does it show that done *animo revocandi.* The *act* is the mere symbol of the intention, and may exist without it. The will, to be revoked, need not be entirely consumed, provided it be burned *animo revocandi.* So, too, it might be accidentally, or furtively, burned, to any extent, and it not amount to a revocation. So too of cancelling or obliterating. The statute of Charles 2d is precisely the same as our own, with the addition to the specific modes of revocation, of "tearing." This is but one mode of obliterating, which is found in both statutes, so that the difference is not important.

It is then not a legal, nor artificial, presumption of the law, like the *presumptiones juris et de jure* of the civil law, that if the will is burned, &c., it is at all events revoked. So too it being destroyed, or lost in any other mode. No doubt we

would hold, as the English Ecclesiastical courts have done, that the mere absence of the will did, *prima facie,* amount to proof of revocation. *Toxley* v. *Jackson,* 3 Phill. 128. But we would hold this merely a natural presumption, as matter of fact, and imposing the duty upon him who asserted the contrary, to support his assertion by proof. This was the rule adopted by the court in New York, in the case of *Betts* v. *Jackson, ex dem. Brown,* 6 Wendell, 173, where they reversed the case cited by counsel from the 9 Cowen, 208. This is the rule which seems to have governed the proceedings in the court below, and their judgment is affirmed.