HENRY PHELPS, *appellant, v.* ANNA PHELPS, *appellee.*

It is a legal exercise of the powers of the court of probate, to fix upon the amount of the personal estate to which the widow is entitled, leaving it for her to make the selection of the articles, to make up the amount of the assignment, from the inventory, at their appraised value.

The decision of the probate court, in fixing the *amount* of personal property which shall be assigned to the widow, rests in the discretion of the court, subject to re-examination by the county court on appeal, but is not a matter in which error can be alleged in this court.

THIS was an appeal from a decree of the probate court, for the district of Chittenden, assigning to the said Anna Phelps such portion of the personal estate of her late husband, to be selected by her from the inventory, as would amount to the sum of $350 at the prices named in the inventory.

The appellant objected to said assignment, as being too large in amount, and disproportionate to the estate left by said intestate; and also because, by the decree, the selection of the articles to make up said sum was to be made by the widow.

The County Court affirmed the decree of the Probate Court, and exception was taken by the appellant.

*A. G. Whittemore* for appellant.

The decree of the Probate Court is defective in not assigning particular articles of personal estate, as the statute requires. By the statute (Rev. St. p. 262, § 1,) the Probate Court is invested

10

with certain judicial powers, which cannot be delegated,—especially to the party interested.

1. These powers consist in assigning "certain parts of the estate," and, consequently, in judging what articles constitute the estate, and whether the articles assigned are part of it; and these inquiries may involve much uncertainty and litigation.

2. The articles are to be selected and assigned with reference to the "circumstances" of the widow, as whether they are suitable to her necessities and convenience, her age, health, property, family, degree in life, &c.

3. But these considerations are to be modified, in some measure, by comparison with the estate and degree of the husband.

To judge discreetly upon all these subjects frequently requires much investigation, and the exercise of much judicial discrimination; and it requires no authorities to prove that such powers cannot be delegated to the party interested.

*Allen & Platt* for appellee.

1. The decree of the Probate Court was strictly according to the provisions of the statute. Rev. St. 262.

2. It was in strict conformity to the practice of the Probate Court from the earliest period of the government to the present time. This form of a decree was promulgated by Judge Aikens, in his "Practical Forms," in 1823, and has been used by every Probate Court from that period to the present.

The opinion of the court was delivered by

HEBARD, J. "The widow shall be allowed all her articles of apparel and ornament, the wearing apparel of the deceased, and such other part of the personal estate of the intestate as the Probate Court may assign to her, according to her circumstances, and the estate and degree of her husband, which shall not be *less*, in any case, than one third, after the payment of the debts, and funeral charges, and expenses of administration." Rev. St. 262.

The law has in no way limited the amount which the widow is entitled to receive, in the case of solvent estates, except by the judgment and discretion of the Probate Court. The mode, by which that part

of the personal estate, to which she is entitled, is to be ascertained and separated from the rest, is not provided by statute. The statute has made provision for the division of all the other parts of the estate. In case of setting off the dower in the real estate, commissioners are appointed, and the widow is restricted to one third; and for dividing the estate among the heirs commissioners are appointed, and they are required to divide the estate remaining equally among the heirs. But, in the case of assigning the personal estate of the deceased to the widow, the Court is left entirely to its discretion in fixing upon the quantity to which she is entitled, and the mode of designating the particular articles of property.

In the present case the Court fixed upon the amount to which the widow was entitled, and permitted her to select from the inventory of the estate articles, at their appraised value, sufficient to make up the amount. How far the *amount* that the widow received was to be regarded as a just and proportionate share of the property, to which she was justly entitled, is not a question for this Court. The *amount* of the assignment is a matter of discretion, to be exercised with reference to the circumstances and condition of the estate, subject to re-examination by the County Court upon appeal, but is not a subject of error for the consideration of this Court. The only question to be settled by this Court is in relation to the mode of designating the particular items of the estate, which were to constitute her assignment,—in other words, whether the assignment was void for want of the proper elements to make the decree *legal* and *sufficient*.

The widow is entitled to "such other part of the estate" as the Probate Court shall assign to her. The estate may consist of *money*, or *specific articles*, or both; and the law requires the Court to appoint appraisers, who are to make an inventory of the estate, and affix a value to the several articles; and this is to be done before the assignment is made; and, after this inventory and valuation of the property is made, the *estate*, for some purposes at least, is considered with reference to the inventory; and it may be reasonable to suppose that the intention of the legislature was that the *estate* of the deceased, for this purpose at least, should be understood to mean the amount of the appraised value of the different articles of which

the inventory is made up, and not the individual articles themselves.

If this view is correct, the judicial exercise of the power of the Court relates to the fixing the amount to which the widow is entitled, and not to the designating the particular articles which she shall receive. And this amount is to be determined by a variety of facts and circumstances. If there is a choice in the articles, either in regard to *valuation, utility* or *convertibility* into money, and these facts are known to the Court, the Court will take these facts into account in fixing upon the same, and, if he gives her the selection, he will fix upon a smaller sum; or, if he selects the articles himself, he will fix the amount accordingly.

As the Legislature has left this subject in such general and undefined terms, to which the several Probate Courts for so long a time have given a practical construction, and one which has been acquiesced in so long, and one, too, which seems to us more objectionable in *practice* than in *theory*, we are disposed to leave it, where it properly belongs, for the legislature to correct whatever evils may have grown up in practice under a provision of the statute, which, perhaps, is not sufficiently explicit and guarded.

The judgment of the County Court is affirmed.

WILLIAMS, Ch. J., dissenting. I know not how long a course of erroneous proceeding under a statute will justify this court in considering it as legal, nor how far a deference to a Book of Forms will authorize us in disregarding a statute; but, unless some such considerations are to govern us, it appears to me that we are imperatively called on to set aside the judgment of the County Court. This court have jurisdiction of all questions of law arising in the course of proceedings of the County Court in probate matters, in the same manner as in other cases. If the Probate Court and County Court have mistaken the law in this case, it is our duty to correct their error; and we should not be deterred from it by any fear of imaginary consequences. If they have not mistaken the law, then the practice of the court of probate may be persisted in, and, moreover, ought not to be departed from. In my opinion the court of probate have not proceeded according to the

statute,—their decree should have been vacated on appeal,—and the County Court erred in not vacating it,—and this would be enough to warrant us in reversing the judgment complained of, without inquiry as to what will be the effect of our decision on other decrees, which have been made and acquiesced in.

But, further, if it were a necessary consequence, resulting from this decree, that all others similar are void, I do not know that we are at liberty to disregard a statute, or refrain from giving it a correct construction, for fear of the consequences. More is to be feared from our departing from the law, than from our declaring it, in a case before us.

The duty of the court of probate and their power on this subject are given in the first section of chapter 47 of the Revised Statutes. The section is, that the widow shall be allowed her articles of apparel and ornament, and " such other part of the personal estate of the intestate *as the probate court may assign to her* according to her circumstances, and the estate and degree of her husband." The powers of the court of probate are judicial in determining what part of the estate she shall have, according to the degree of her husband, &c., and it appears to me these powers must be exercised by the court, and cannot be delegated to any one else. The duty of the court is not to determine the amount in value, or the specific *number* of articles of property, but, judging from her circumstances, and the estate and degree of her husband, to select and assign to her such part as the court shall think proper; and the decree of the court, unappealed from, is conclusive.

It appears to me to be necessary that the court of probate should select and designate the property to be assigned to her, and, by their decree, make the assignment; and that the court can no more authorize her to make the selection than they could the executor, or administrator, or one of the heirs, or any third person, interested, or indifferent. The propriety of an appeal by creditors, heirs, or persons interested, might depend on the selection of the property assigned, as its effect on the estate might be more or less injurious, according to the article selected. Moreover it might be a subject both of dispute and litigation, as to what articles she selected,— whether she should specify in writing, or whether it might be done

verbally,—whether in fact she had made her final selection, or had altered or changed her mind before she made her final selection,— as there was no way; under the decree in question, to procure any evidence of her having made the selection, or at what time it should be made. In short, I think that the proceeding of the court of probate was wholly unauthorized by statute and irregular.

That it is void, it is not necessary to say, though in my opinion it is void altogether. In the case of *Kendrick et ux.* v. *Harris, Ex'r*, 1 Aik. 273, it was declared to be the duty of commissioners, in setting out the dower of the widow, to appraise the same on a view of the premises, and, when they took a former appraisal for their guide, their proceedings were held to be improper, and the decree of the court of probate, accepting their doings in this particular, was set aside. In the case of *Hancock* v. *Hubbard*, 19 Pick. 167, it was held that a decree of the court of probate, directing the distributive share of an heir, who was indebted to the estate, to be paid over by the administrator to the other heirs, on the ground of such indebtedness, was void, and that a non-compliance with it by the administrator was therefore not a breach of his bond. In the case of *Hendrick et ux.* v. *Cleaveland*, 2 Vt. 329, it was declared that a court of probate is a court of special and limited jurisdiction, and that, if it appear on the face of its proceedings that it has exceeded the authority given it by law, its orders and decrees are absolutely void, and may be treated as a nullity. A decision to the same effect was made in the case of *Smith* v. *Rice*, 11 Mass. 507, where it was held that, if the judge of probate exceed his authority, or have proceeded in a course expressly prohibited by law, his acts or decrees may be treated as void.

In the present case I think the court of probate exceeded their authority, delegated their power to another, and proceeded directly contrary to law, and that therefore their proceedings are void. It is to be remembered, however, that we are only called upon to review and correct a question of law determined by the county court in probate matters, and I understand all my brethren to agree that the court of probate were erroneous in *their* view of the law.