ORAMEL HUTCHINSON, *appellant,* *v.* TITUS HUTCHINSON'S ESTATE, *appellee.*

*Probate Court.    Petition.    Supreme Court.    Appeal.*

Where no appeal is taken from an order of distribution of the probate court, but after twenty days a party to the decree petitions that court to revise and alter the decree, but it denies the prayer of the petition, and appeal is taken to the county court, which upon a hearing on the merits, ( when it appeared as an excuse for resorting to the petition as a remedy instead of appealing directly from the decree, that the petitioner had no *actual* notice of the proceeding before the probate court within twenty days from the decree,) affirmed the judgment of the probate court, to which the petitioner excepted, it is *held,* that the decision of the County Court was matter of discretion only, and exceptions to such decision present no question to the supreme court to decide.

If the exceptions showed that the county court decided the case upon the ground that the court had no power to correct the decree of distribution, or if this were an appeal from the decree of distribution then a question of law would be presented which the supreme court could revise.

Under the statute in force at the time the case of *Smith* v. *Rix,* 9 Vt. 240, was decided. appeals were taken directly from the probate court to the supreme court, and that court had on appeal the same discretionary power that the probate court had.  Under the present statute, appeals from the probate court are taken to the county court, and the supreme court has only the right to revise the decisions of the county court in such appeals upon questions of law.

APPEAL from a decision of the probate court denying the prayer of the appellant's petition to have a decree of distribution reconsidered, revised and altered.  The case was referred, and the facts found, the substance of the petition and the questions raised are fully set forth in the opinion.

Upon the whole case after argument by counsel, the court, at the May Term, 1865, BARRETT, J. presiding, adjudged that no sufficient cause was shown for granting the prayer of the petition, and that the decree of the probate court thereupon be affirmed with costs, and ordered a mandate accordingly to the probate court,—to which the appellant excepted.

*Oramel Hutchinson,* plaintiff, *pro se.*

*Converse & French,* for the defendant.

I.    In this case the matters were expressly passed upon—a decree of distribution accordingly made and no appeal taken.    It was therefore beyond the power of the probate court to reverse, amend, modify or interfere with that decree.    There is no pretence that there was any "*fraud, accident or mistake.*"

Hutchinson *v.* Hutchinson's Estate.

II. The probate court entertained the petition and considered the whole matter and decided against it on its intrinsic merits. The question put in issue in this case was entirely under the control and discretion of the probate court. The county court have affirmed that decree. This court will not reverse it.

III. If the case were before this court by appeal from the original decree, the same would be affirmed. There was, at least, nothing of which the petitioner could complain. *Newell* v. *Keith's Exs.* (pp. 219, 220,) 11 Vt. 214. If there was any error it consisted in not casting interest on the advancements from the time of such advancements. This court however should order the expense of this appeal and all incidental expenses, administrator's costs, charges and counsel fees to be paid out of the appellant's share of the estate.

The opinion of the court was delivered by

PECK, J. This is an appeal from the decision of the probate court denying the prayer of the petition of the appellant, and comes to this court on exceptions to the decision of the county court affirming the judgment of the probate court. Oramel Hutchinson, the appellant, sets forth in his petition to the probate court that he is a son and one of the legatees of the testator, Titus Hutchinson, that the probate court on the 19th of December, 1863, made a decree of distribution, and prays the court that the decree may be reconsidered, revised and altered, for the reason that in and by the decree large sums were charged against the distributive share of the petitioner, by way of advancements, *interest on advancements*, and otherwise, not authorized by the will of the testator, nor by the rules of law, and for other errors in the decree. The records filed in the case show that, upon hearing, the probate court ordered that the prayer of the petition be denied. From this order the petitioner appeals to the county court, and by that court, on hearing, that order and decree is affirmed. The question is presented whether there is any error in the decision of the county court which this court can and ought to correct.

The testator by his will, after giving certain legacies specified, gives all the rest of his estate, both real and personal, to his three oldest sons, Edwin, Oramel and Henry, to be equally divided between them, deducting from the portion of each, the advancement made or to be made to each while the testator lives. The appellant, being

one of the three oldest sons, shares in this residuary legacy. It appears that advancements had been made to each of these three legatees in the life time of the testator, but in unequal amounts. In the decree of distribution, the probate court in ascertaining the amount due each of the residuary legatees, added to the advancement of each, the interest thereon from the death of the testator in 1857 to the date of the decree of distribution, and deducted the sum of such advancement and interest thereon, from the amount that otherwise would have been the share of each. The sums advanced to the appellant and Henry are nearly equal, but each is much larger than the advancement to Edwin, so that this computation of interest on the advancements operates to the prejudice of the appellant and Henry in the distribution, by reducing their distributive shares.

The appellant insists that no interest should be cast upon the advancements, and that in this particular there is error in the decree, and that the probate court on this petition ought to have opened the decree and corrected the error, and that the county court erred in refusing to do so on the appeal to that court. As an excuse for resorting to this mode of remedy by petition to the probate court to open the decree of distribution for the correction of the alleged error, instead of appealing directly from the decree of distribution, the appellant showed in the county court that he had no actual notice of the proceedings of the probate court in making that decree, till more than twenty days after the decree was made, so that as that proceeding was had without notice to him of the time appointed for hearing, he lost the right of appeal. It appears, however, that notice was duly given by publication in a newspaper according to the statute, and the order of the probate court. The General Statutes, chapter 57, § 8, p. 420, provides that, " before any partition shall be ordered as directed in this chapter, notice shall be given to all the persons interested who reside in this state or their guardians, and to the agents, attorneys or guardians of such as reside out of this state, if there be such in this state, either personally or by such public notice as the probate court shall direct." Public notice having been given according to the statute, the decree of distribution is binding until set aside by some appropriate proceeding. The want of actual notice is however a con-

sideration in favor of opening the decree, when addressed to, for the correction of an error, a tribunal having the power to do so.

Several important questions have been raised and discussed in the course of the argument of this case. It is claimed on the part of the appellant, that the probate court erred in computing interest on the advancements, and that the probate court and the county court erred also in refusing to open and correct the decree, and that this court ought to correct the error. On the other side it is insisted that there is no error in the decree of distribution, and whether there is or not, the probate court had no power to revise and correct the decree on petition in the particular complained of, as it relates to a matter adjudicated by that court ; and if the probate court had such power it was a matter of discretion, and the denial of the prayer of the petition is not an order, sentence, decree or denial from which an appeal lies ; and if appealable, the county court having affirmed that decree, this court will not revise that decision. If we assume that the decree of distribution is erroneous in the particular complained of, that the probate court had power to correct it on petition, that an appeal lies from the refusal to do so, and that the county court as an appellate court has power to revise the decree and correct the error, and even if we should go further and say that in our opinion a sound discretion warranted the granting of the relief prayed for by the petition, the question is still left whether there is any question presented by the exceptions that warrants this court in reversing the judgment of the county court. If there was error in the decree of distribution, and the probate court, and the county court, had power to correct it on this petition, it was a matter of discretion whether they would do it in this mode under the circumstances. The petition is in the nature of a petition for a new trial, depending on the exercise of discretion. It would be quite different had the case come to the county court by appeal from the decree of distribution. Formerly appeals from probate were taken directly to the supreme court. Such was the statute at the time of the decision in *Smith* v. *Rix*, 9 Vt. 240, cited in argument. Hence it is said in that case that the appeal brings the whole case before this court as the supreme court of probate. If this case were before us under the statute as it then was, it would be for this court to exercise its discretion in granting the prayer of the

petition of the appellant; we should then have the same discretionary power with which the probate court was invested. But the statute is different now and has been for many yearrs. Appeals from the probate court are now taken to the county court, and this court has only the right to revise the decisions of the county court in such appeals upon questions of law. The statute, General Statutes, p. 373, chapter 48, § 8, provides that, " the county court shall have appellate jurisdiction of all matters originally within the jurisdiction of the probate court," and section 29 provides that, " the supreme court shall have jurisdiction of all questions of law arising in the course of the proceedings of the county court in probate matters, in the same manner as provided by law in other cases."

It is well settled that the supreme court can not revise the decisions of the county court in matters of discretion. The exceptions state that upon the whole case, after argument by counsel, the court adjudged that no sufficient cause was shown for granting the prayer of the petition, and that the decree of the probate court therefore be affirmed with costs. From this it plainly appears that the county court entertained the appeal and decided the case upon the merits of the petition. If the exceptions showed that the county court decided the case upon the ground that the court had no power to correct the decree of distribution, or if this were an appeal from the decree of distribution, then a question of law would be presented which this court could revise. But as it appears that the county court decided the case upon its merits, and as that was a matter of discretion, and no question of law is presented by the exceptions, and as this court has no power to revise the decisions of the county court except upon questions of law, we decide nothing except that there is no question of law before us, and no question that we can legitimately decide.

The judgment of the county court is affirmed.