ELIZA W. FROST *v. The Estate of* HARLOW FROST.

*Probate Court. Statute. Jurisdiction. Supreme Court.*

Under the 4th sub-division of section 1, chapter 51, of the General Statutes, providing that the whole of an intestate estate, not exceeding three hundred dollars in value, may be assigned for the use and support of the widow and children of the intestate, &c., it was *held*, that it is a matter of discretion with the probate court whether to make such assignment or not.

*Held*, that in case the intestate leaves issue, and the estate is personal property, it would be imperative upon the probate court to assign the widow not less than one-third of such estate. (1st sub-division, sec. 1, ch. 51, Gen. Stat.)

In this case the decision of the probate court in fixing the amount of the personal property assigned to the widow, being a judicial act, which depends upon the exercise of the discretion of that court, though subject to re-examination, on appeal, by the county court, cannot be revised in the supreme court.

THIS case was an appeal from the decision of the probate court for the district of Marlboro, refusing to assign the whole of the estate of

Harlow Frost, deceased, to Eliza W. Frost, his widow, after paying the funeral charges and expenses of administration, the inventory of said estate amounting to less than three hundred dollars.

Trial by the court, at the April Term, 1867, BARRETT, J., presiding, upon an agreed statement of facts, by which it appeared that Harlow Frost died November 25th, 1865, leaving a widow, the said Eliza, and a daughter, and that at the time of the hearing in the probate court there was no property belonging to the said estate except what appeared by the inventory, and that the said Eliza had no property except an interest in certain real estate to the amount of about $1,900. An administrator and appraisers were appointed on said estate December 2d, 1865, and returned the inventory into the probate court December 5th, 1865, which amounted to $171.25.

Upon the plaintiff's petitioning the probate court for that purpose, said court, upon hearing, refused to assign to her all of the personal property of said estate as appeared by said inventory, but did assign to her all of said personal property except the piano,—from which decree of assignment the plaintiff appealed to the county court.

It further appeared that there were creditors of said estate, holding claims to the amount of $175. Commissioners of claims upon said estate were never appointed.

The county court affirmed the judgment and decree of the probate court,—to which decision the plaintiff excepted.

*Field & Tyler*, for the plaintiff.

*Clarke & Haskins*, for the defendant.

The opinion of the court was delivered by

WILSON, J. The only question presented by the bill of exceptions is, whether, as matter of law, the appellant was entitled to the whole of the personal estate as appears by the inventory. It is conceded that the estate is less than three hundred dollars; and the appellant claims the whole, under the fourth sub-division of section 1 of chapter 51 of the General Statutes. That section provides that " if, on the return of the inventory of an intestate estate, it shall

Frost *v.* Frost's Est.

appear that the value of the whole estate, both personal and real, does not exceed the sum of three hundred dollars, the probate court *may*, by a decree for that purpose, assign, for the use and support of the widow and children of such intestate, or for the support of the children under seven years of age, if there be no widow, the whole of such estate, after the payment of the funeral charges and expenses of administration." It is doubtless true that the word *may* in a statute often has the same meaning as the word *shall*, but the sense in which the legislature intended the word *may*, in the clause above quoted, should be understood, must be determined by the language of the provision, taken and considered with reference to and in connection with the other provisions of the section, and other provisions of the statute relating to the same subject. The first sub-division of section 1 of chapter 51, provides that the widow shall be allowed all her articles of apparel and ornament, the wearing apparel of the deceased, and such other part of the personal estate of the intestate as the probate court may assign to her, *according to her circumstances and the estate and degree of her husband; which shall not be less, in any case, than one third, after the payment of the debts, funeral charges and expenses of administration.* This provision of the statute is imperative as to one third of the estate, to this extent the widow is entitled to demand and receive of the estate, and the probate court is bound to assign it to her. But whether she will receive more than one third, under this provision of the section, rests in the discretion of the probate court to be exercised in view of *her circumstances and the estate and degree of her husband.* Her circumstances and the limited estate of her husband may be such as to render it just and equitable for the court to assign to her a much larger sum than one third, even the whole estate might be a scanty allowance in view of her circumstances. Hence the provision made by the fourth sub-division of said section which allows the probate court, if the value of the whole estate does not exceed three hundred dollars, to determine whether the widow shall have the whole estate ·as against the creditors. It allows the probate court, in its discretion, to close the estate, without the appointment of commissioners, by assigning the whole of it for the support of the widow and children, where that

court shall, in view of the circumstances of the widow, judge that she is equitably entitled thereto. But she may have had secured to her in the life-time of her husband, from his property or otherwise, such means of support as would create a strong equity in favor of creditors to a portion of the estate of which her husband died seized even though the whole did not exceed three hundred dollars, and justify the probate court in assigning to her only one third, just what she could legally demand under the first sub-division of said section. This view of the question is, we think, supported by the second sub-division of section 1, of chapter 53 of the General Statutes, which provides that no commissioners need be appointed to receive and adjust claims against the estate, where the value of the whole estate shall not exceed three hundred dollars, and shall be assigned for the support of the widow and children as provided by law; in which case such assignment shall be deemed a full and final administration and a bar to all claims against the estate. Under this provision, in order to excuse the probate court from appointing commissioners, where there are debts against the estate, it is not only necessary that the value of the estate do not exceed three hundred dollars, but that it be assigned for the support of the widow and children, clearly implying that, under the fourth as well as under the first sub-division of section 1 of chapter 51, the question, whether more than one third should be assigned to the widow, rests in the discretion of the court. In this case the decision of the probate court, in fixing the amount of the personal property assigned to the widow, being a judicial act which depended upon the exercise of the discretion of that court, though subject to re-examination on appeal by the county court, cannot be revised in the supreme court. *Phelps* v. *Phelps*, 16 Vt., 73 ; *Adams at al.* v. *Adams, admr.*, 21 Vt., 162.

The judgment of the county court is affirmed.