.MARY E. DUDLEY, APPELLANT, *v.* EXECUTORS OF F. S. WARD-NER.

### Will. Copy. Pleading.

A copy of a will may, under certain circumstances, be proved as the will of a deceased person; therefore, a plea in which the only fact alleged as an objection to the probate of the will, was that " the instrument sought to be established, purports to be only a copy of the will of," etc., was *held* insufficient upon general demurrer.

.A plea that "said instrument or writing ought not to be admitted to probate, because the same is not entitled to probate as .the last will and testament of," etc., was *held* insufficient, it being. merely the statement of a conclusion, opinion or inference, without the allegation of any fact on which it is based.

' The question can be determined only upon a trial, whether the copy presented can be established.

APPEAL from a decree of the probate court for the district of 'Windsor, allowing an instrument as the last will of F. S. Ward-.ner, deceased.

The appellant pleaded several pleas in bar, to the second and :third of which the appellees filed a general demurrer. At the .May term, 1867, BARRETT, J., presiding, the court *pro forma* 'held the said second and third pleas sufficient and rendered judg-.ment for the appellant, to which the appellees excepted.

· The said pleas are set forth in the opinion of the court.

*L. Adams,* for the appellees.

*Julius Converse,* for the appellant.

The opinion of the court was delivered by

PIERPOINT, C. J.　This case comes up on an appeal from the decision of the probate court allowing and establishing the last will and testament of F. S. Wardner, deceased.　In making up the issue to be tried in the county court, the appellant filed several pleas, to the second and third of which a general demurrer was filed.　The county court adjudged the said pleas sufficient and rendered judgment in favor of the appellant, and establishing the said will.　To this decision exceptions were taken, and the question is brought before this court for revision.

The second plea alleges that "the said instrument ought not to be admitted to probate as the last will and testament of the said Wardner, because the said instrument or writing is not, and does not purport to be, the last will and testament of the said Wardner, but purports upon its face to be only a copy of such last will and testament; and this the said appellant," etc.

The only fact alleged in this plea, is that the instrument sought to be established, purports to be only a copy of the will of the said Wardner.　To make this a sufficient objection to the establishing of the will, it is necessary to hold that under no conceivable circumstances can a copy of a will be proved and established as the will of a testator.　We think that circumstances may exist under which a copy may be proved as the will of a deceased person. Suppose a man dies leaving a will.　In respect to its existence, or its due execution or its provision, there may be no question.　A copy may have been taken, the correctness of which can be fully established, but, before it is proved in the probate court, it is accidentally destroyed by fire or otherwise.　Can any one doubt that in such a case the copy may be proved and established as his will? So it is easy to imagine many other circumstances under which the same might be done.　Of course, in trying such a question, courts and juries would be careful to see that the proof was full and satisfactory.　But the question has been expressly decided in this state.　In *Minkler* v. *Minkler's estate,* 14 Vt., 125, a paper purporting to be a copy of the will of Peter Minkler was presented

to the probate court and disallowed; an appeal was taken, and in the county court the copy was proved and established. The case was taken to the supreme court, and the judgment of the county court was affirmed. REDFIELD, J., says "The issue in the court below was upon the legal existence of the will at the decease of the testator. This was joined and tried by the court. They established the will upon such evidence as satisfied them that, although the will had been destroyed by some one before the decease of the testator, it was not with his privity. We have no doubt this is perfectly competent to be done." The second plea, we think, is insufficient.

The third plea is that "the said instrument or writing ought not to be admitted to probate, because the same is not entitled to probate as the last will and testament of the said Wardner." This is merely stating a conclusion, opinion or inference, without the allegation of any fact on which it is based. There is no traversable fact alleged, nothing upon which a legitimate issue can be formed. If there were no other ground upon which the probate of a will could be refused, than that it was not the will of the party, this plea perhaps might be so construed that it would amount to the general issue, and be good upon general demurrer. But there may be many reasons why a will should not be admitted to probate, even though there is no objection to the will itself; for instance, the maker of it may not be dead, or may never have lived in the probate district where it is proposed to prove it, and have left no property in it, or it may have been already proved in another probate district in this state, etc. We think this plea, also, is bad.

The question whether or not the copy presented in this case can be established, is one that can be determined only upon a trial, and in view of all the facts and circumstances that may be there developed. The will is probably in existence, and, for aught that appears, may be procured and produced: if it is, all questions as to the copy will be obviated.

Judgment reversed, and case remanded.