WILLIAM E. WHITMAN ET UX. *v.* LEON E. DAILEY AND
C. E. LOWE.

May Term, 1921.

Present:   WATSON, C. J., POWERS, TAYLOR, MILES, and SLACK, JJ.

Opinion filed November 1, 1921.

*Trespass—Evidence—Review of Motion to Set Aside Verdict—
Boundaries—When Monuments Prevail Over Courses and
Distances—True Line Not Affected by Mistake in Subdivision of Lot.*

1.  In an action for trespass by cutting timber, evidence that one of the defendants advised and directed the cutting of the timber in controversy warranted a refusal to direct a verdict for such defendant.

2.  The rule that the court's discretion in refusing to grant a motion to set aside a verdict cannot be reviewed unless the court failed to exercise its discretion or abused it, does not apply when all the evidence is before the Supreme Court and the motion is based on the ground that the verdict is contrary to the instructions of the court or wholly unsupported by the evidence. ·

3.  Plaintiff's evidence as to a marked tree and a pile of stones on the lines dividing defendant's land from that on each side, but several rods south of what defendant claimed to be the original range line, which was the true division line between plaintiff and defendant, held not to support a verdict sustaining plaintiff's contention that the range line had a "jog" where it divided his land from defendant's.

4. The rule that monuments prevail over courses and distances in locating disputed boundaries does not apply until the monuments have been established by evidence.

5. The fact that the owners of a lot located the corner of their division line several rods southerly of the northerly line of the lot could not affect the rights of the parties in a controversy as to the true division line between that lot and the lot adjoining it on the north.

ACTION OF TRESPASS to recover treble damages for cutting timber on plaintiffs' land. Plea, the general issue. Trial by jury at the September Term, 1920, Washington County, *Wilson*, J., presiding. Verdict and judgment for the plaintiffs. The defendants excepted. The opinion states the case.

*Edward H. Deavitt* and *Fred L. Laird* for the defendants.

*H. C. Shurtleff* for the plaintiff.

MILES, J. This is an action of tort for the recovery of treble damages, under G. L. 6956. The case was tried by jury, and a verdict was rendered for the plaintiff to recover $175 actual damages, and also a special verdict, in substance, that the defendants did not commit the trespass through mistake, nor had reason to believe that the trees cut were on the premises of the defendants. The defendants severally moved at the close of all the evidence for a directed verdict. The motions were overruled, and exceptions were allowed the defendants. The grounds of the motions were that there was no evidence tending to show that either defendant cut any timber on the disputed territory, or authorized any one to cut timber on said territory.

After the general and special verdicts were rendered, the defendant Lowe moved to have the verdicts set aside, but the motion was overruled and an exception was allowed. The grounds of the motion were: "(1) That said verdict is against the weight of the evidence; (2) that said verdict is not supported by the evidence in said case; (3) that the jury in rendering said verdict disregarded the evidence in said cause respecting this defendant; (4) that the jury in rendering said verdict disregarded the in-

structions of the court as affecting the liability of this defendant."

A careful examination of the evidence discloses that defendant Dailey did none of the cutting complained of, nor does the evidence disclose that he advised, commanded, countenanced, or approved of it after it was done. He had nothing to do with it. The court erred in overruling his motion for a directed verdict.

[1] As to Lowe the case is different. In his case there was evidence fairly and reasonably tending to prove that he advised and directed cutting the timber claimed by the plaintiffs to be upon their land. The witness Lyon, who cut it, testified to that fact. Upon the grounds of this motion there was no error in the court's refusal to grant it. But his motion to set aside the verdict presents a different question.

[2] As claimed by the plaintiffs, this motion was addressed to the sound discretion of the court, and its action upon that motion cannot be reviewed here unless that court failed to exercise its discretion or abused it. *Lincoln* v. *Central Vermont Ry. Co.,* 82 Vt. 187, 72 Atl. 821, 137 A. S. R. 998, and cases cited; *French* v. *Wheldon,* 91 Vt. 64, 99 Atl. 232. When all the evidence, as in this case, is before this Court on an exception to the action of the trial court in denying such a motion, based on the ground that the verdict is contrary to the instructions of the court, or wholly unsupported by the evidence, the rule as to the discretion of the court does not apply, and the question is reviewable. If it is clear from the record that the verdict is contrary to the instruction of the court, or that there is no evidence supporting it, the action of the trial court cannot be sustained. *French* v. *Wheldon, supra.*

Turning to the evidence, we find the controversy was over the original range line betwen the plaintiffs' and Dailey's land. The plaintiffs' land lay northerly of Dailey's land, and was separated from it by the original range line, and no question is made but that the original range line is the true division line between those lands. The plaintiffs claim that there is a "jog" in the range line between their land and Dailey's extending southerly three or four rods onto land claimed by Dailey. The situation can be better understood by referring to the following diagram:

The plaintiffs own the southerly part of lot 54, and the defendant Dailey owns the westerly half of lot 41, and the Ice Company owns the easterly half of lot 41 and twenty-five acres of the easterly part of lot 42. The line claimed by the plaintiffs as the true division line between their land and Dailey's is represented on the plan above by the dotted line, and the line claimed by the defendants is represented by the straight line separating lots 54 and 41.

It appeared that the line between 55, known as the Ducker lot, and 40, known as the Senter lot, and the line between lot 53, known as the Ladd lot, and lot 42, known as the Daniels lot, were parts of the original range line in the second division of lots in the town of Middlesex, and that the line claimed by the defendants coincided at each end with those lines, as represented on the plan above. The plaintiffs claimed, as we have seen, that there was a ''jog'' in this range line between their land and Dailey's land, jutting onto land claimed by Dailey, three or four rods.

[3] No question being made but that the original range line was the true division line between the plaintiffs' and Dailey's land, the burden was upon the plaintiffs to show that the line claimed by them was a part of the original range line. This they could not do without showing that there was a ''jog'' in the line as claimed by them. This they claim to have done by showing a beech tree, marked on four sides, in the line between Dailey's and the Ice Company's land, situated three or four rods southerly

of the line claimed by the defendants, and a pile of stones at the other end of their claimed line, and by the testimony of the plaintiff William that there were a very few spotted trees between the spotted beech and the stone pile, and by the testimony of a Mr. Pembroke, who testified on direct examination that he had no recollection of any spotted trees between the beech tree and stone pile, but on cross-examination testified that there were some marked trees; but how they were marked, and where situated and what kind of tree was marked, neither witness attempted to state. The witness Lyon, called by the plaintiffs, and who cut the timber on the disputed territory to the line claimed by the defendants, testified that he saw no marked trees between the marked beech and stone pile.

In this state of the evidence, the testimony of the plaintiff William and Pembroke respecting the spotted trees between the beech tree and stone pile was so uncertain and indefinite, that, in the light of the evidence and the circumstances of the case, it had no tendency to prove that there was any ''jog'' in the range line, and that the line claimed by the plaintiffs was a part of the original range line. Their testimony failed to show whether those marks, if in fact they existed, were fresh or old.

The probative force claimed by the plaintiffs for the marked beech consists in the fact that it is marked on four sides and that those marks are old; but how old, or why marked on four sides as a corner of four lots, is not shown. While marked as a corner of four lots, at best it can mark only the northeasterly corner of the Dailey land, which is not, and never was, an original corner. As a witness so much relied upon by the plaintiffs, because of the manner in which it is marked, it must be admitted that it appears to be that which it is not. Its markings may as well be said to indicate a line tree as to indicate a corner claimed by the plaintiffs. In neither case is it marked as the evidence tended to show such trees are marked. Situated as it is, conceded to be in the division line between the Dailey land and the Ice Company's land, it is more reasonable to presume that it was marked as a line tree than as a corner. Considered in connection with the facts that the old parchment plan of Middlesex and the proprietors' records of the second division of that town show that the range line between 54 and 41 is a straight line, that the line claimed by the defendants was recognized by Charles

Wiggins, a former owner of the plaintiffs' premises, for about forty-five years, as the true division line between those lots, and that the spruce timber had been cut on the plaintiffs' land down to the line claimed by the defendant, leaving the spruce on the disputed territory uncut until it was cut by the Parker-Young Company and their employees, we think that what appears about the marked beech has no tendency to prove that the line claimed by the plaintiffs is a part of the original range line between lots 54 and 41.

[4, 5] What has been said respecting the marked beech may be said with equal, if not greater, force respecting the stone pile. To adopt the plaintiffs' view it would be necessary to disregard and contradict the ancient records of Middlesex; and adopt a line not shown to be connected at either end with the original range line. While it is true that monuments prevail over courses and distances, it is equally true that to have that force the existence of the monument must be established. If the record had described this beech tree as being in the range line between lots 54 and 41, though not situated exactly in line with the range line, there would be some ground for claiming that the range line ran through it. But here the record does not describe it, and the evidence does not show that it was an original monument, but rather the contrary. The plaintiffs' claim it marks the northeast corner of the Dailey land. Assuming this to be so, it had its origin at the time lot 41 was divided; for nothing called for a corner tree in the center of the range line until that division was made, and that division must have been subsequent to the allotment creating lot 41, and hence this marked beech could not have been an original monument in that range line. Though the parties interested in the division of lot 41 may have made a mistake or have intentionally located the corner of their respective divisions at the marked beech, it in no way affects the rights of the parties in this suit; for, as claimed by the parties, and as the court instructed the jury, the rights of the parties depended upon the location of the true division line between those lots, and the action of the parties in dividing lot 41 in no way changes the range line between lots 54 and 41.

The court instructed the jury, without objection or exception, as follows: "If you find the line to be as the defendants claim it to be, or, if you fail to find the line as the plaintiffs claim

it, your verdict should be in favor of both defendants.'' On the evidence in the case, the jury could not have found the line as claimed by the plaintiffs, and the court erred in refusing to set the verdict aside.

In the course of the trial, there was some evidence relative to a survey made by a Mr. Wheeler, but, as stated by the court in its instructions to the jury, neither side claimed ''anything for that survey as fixing the location of the division line.'' -

The foregoing holdings make it unnecessary to consider other questions raised in the exceptions.

*Judgment reversed, and judgment that defendant Dailey recover his costs. As to defendant Lowe the cause is remanded for a new trial.*