NELLIE PARKHURST *v.* KATE HEALY'S ESTATE.

Special Term at Rutland, November, 1923.

Present: WATSON, C. J., POWERS, TAYLOR, SLACK, and BUTLER, JJ.

Opinion filed December 6, 1923.

*Petition for Relief Under G. L. 3295 to Enable Presentation of Claim Against A Decedent's Estate—Discretion of Court—Presumption as to Exercise of Such Discretion—What Is Necessary to Present Question for Review—Review of Decisions of Probate Court—By County Court—By Supreme Court.*

1. Where a person who has failed to present a claim against the estate of a deceased person petitions the probate court, under G. L. 3295, for a renewal of the commission, the petition is addressed to the court's discretion.

2. An exception to the failure of the court to grant such a petition, where the record fails to show whether the court below ruled on the question presented as a matter of discretion or as matter of law, the Supreme Court will presume the ruling to have been made as a matter of discretion.

3. In such a case, where it is not made to appear that the court's discretion was withheld or abused, there is nothing to review.

4. Questions within the jurisdiction of the probate court, though addressed to its discretion, are subject to re-examination by the county court, but not by the Supreme Court.

5. The county court sits in probate appeals as a higher probate court, and, in such cases, is a fact-finding tribunal, but the Supreme Court has no such jurisdiction, as it sits in error only.

APPEAL from the probate court for the District of Bennington on petition to renew the commission on the estate of a decedent. Trial by court at the June Term, 1923, Bennington County, *Chase,* J., presiding. Petition dismissed. The petitioner excepted. The opinion states the case. *Affirmed.*

*James K. Batchelder* for petitioner.

*Collins M. Graves* for the estate.

POWERS, J.   The claimant asserts that she has a valid claim against the estate of Kate Healy, which she was prevented from presenting to the commissioners thereon through accident and mistake.   She brought a petition under G. L. 3295 for the relief therein provided, which, after hearing, the probate court dismissed.   She then appealed to the county court, and that court having refused her application, she brought the case here on exceptions.

[1-4]   The judgment against her will have to stand.   In the first place, such a petition is, by the very terms of the statute, addressed to the discretion of the court.   The record before us does not show whether the court below ruled the question presented as a matter of discretion or as matter of law.   In these circumstances, it will be presumed that it was ruled as a matter of discretion.   *State* v. *Long,* 95 Vt. 485, 115 Atl. 734; *Thayer* v. *Glynn,* 93 Vt. 257, 106 Atl. 834; *State* v. *Felch,* 92 Vt. 489, 105 Atl. 23; *Gilfillan* v. *Gilfillan's Estate,* 90 Vt. 94, 96 Atl. 704; *Slack* v. *Bragg,* 83 Vt. 404, 76 Atl. 148, and cases cited.   It not being made to appear that the court's discretion was withheld or abused, there is nothing to review.   *Whitman* v. *Daily,* 95 Vt. 454, 115 Atl. 559; *Dyer* v. *Lalor,* 94 Vt. 103, 109 Atl. 30; *French* v. *Wheldon,* 91 Vt. 64, 99 Atl. 232; *Lincoln* v. *Central Vermont Ry. Co.,* 82 Vt. 187, 72 Atl. 821, 137 A. S. R. 998.   Questions within the jurisdiction of the probate court, though addressed to its discretion, are subject to re-examination by the county court, but not by this Court.   *Frost* v. *Frost's Estate,* 40 Vt. 625; *Boyden* v. *Ward's Estate,* 38 Vt. 628.

[5]   Then, too, the record before us is wholly insufficient. No facts were found below.   The county court sits in probate appeals as a higher probate court, and is, in such cases, a fact-finding tribunal; but this court has no such jurisdiction; we sit in error only.   *Boyden* v. *Ward's Estate, supra; Hutchinson* v. *Hutchinson's Estate,* 38 Vt. 700; *Clark, Admr.* v. *Clark's Heirs,* 21 Vt. 490; *Adams* v. *Adams' Estate,* 21 Vt. 162.   We review questions of law, but the facts must be supplied by the record.

*Judgment affirmed.   Let the result be certified to the probate court.*