IN RE ESTATE OF ANNAH E. GATES.

February Term, 1935.

Present: POWERS, C. J., MOULTON, THOMPSON, and SHERBURNE, JJ., and BUTTLES, Supr. J.

Opinion filed May 7, 1935.

*David A. Pingree* and *Albert D. Pingree* for the appellant.

*Melvin G. Morse* for the appellee.

THOMPSON, J.   The will of Annah E. Gates, late of Hardwick, Vt., deceased, was admitted to probate by the probate court within and for the district of Caledonia on January 25, 1933.   The probate court found at that time that a complete will was executed by the testatrix; that a portion of the top of the first page of the will and a portion of the top of the second page were missing; that the missing parts were lost in a manner not to revoke the will.   The court ordered that the construction of the instrument as the last will and testament of the testatrix should remain open for further hearings ''as to proving the lost parts and securing further action as to the construction of the will, and, in the meantime, the parts of the will that are intact shall be given full force and effect.''   The court also found and ordered:   ''As the will is now, it fails to dispose of the residue, although there is strong evidence from the remaining fragment of the eighth legacy that the last part of the second page did dispose of the residue to at least the two named institutions 'in equal shares,' and, pending proceedings on that legacy, the estate will be treated as part intestate, and all notices run to the heirs at law.''

The two institutions referred to are the D. M. Stearns Missionary Fund, Inc., a corporation organized under the laws of the state of New Jersey for the purpose of collecting funds and

distributing them among foreign missionaries, with its principal place of business at Philadelphia, Pennsylvana, and "the Moody Schools at East Northfield, Massachusetts, by whatever name known."

In April, 1934, the D. M. Stearns Missionary Fund, Inc., brought its petition to the probate court, alleging, in substance, that it is one of two institutions named in the eighth clause of the will to take certain interests in equal shares; that it believes and alleges the fact to be that the share to be taken by it is one undivided one-half in the rest and residue of the estate of the said Annah E. Gates, and that the other undivided one-half of the residue of said estate is to go to said Moody Schools.

It alleges further that it is able to and will produce evidence that will prove its claim as above set forth, and that the will, as originally executed, "gave, devised and bequeathed to your petitioner and to the Moody Schools by whatever name known, all the rest and residue of the estate of said Annah E. Gates in equal shares."

The material part of the prayer of the petition is that the court will fix a time and place for the purpose of hearing evidence relative to the meaning and substance of the eighth clause of the will, and that it will adjudge and decree to the petitioner an undivided one-half of the residue and remainder of said estate.

The probate court, after a full hearing and finding of facts, denied the petition, and decreed "that the testatrix has not disposed of her residuary estate by her last will and testament; and that distribution of that part of said estate shall be to her heirs at law, to be determined upon final settlement of said estate."

The case is before us upon an appeal by the petitioner from the decree of the probate court directly to this Court.

The will, as executed by the testatrix, was written on two sheets of paper attached to each other, one side only of each sheet being written upon. The two sheets were folded, and it is apparent, from an inspection of the will, that the missing part of each sheet included all or nearly all of that sheet from its top down to the first fold.

The court below found that the will had been mutilated after it was duly executed, by loss, destruction, or absence of a fragment of the top of the first page containing the first legacy,

and the top of the second page, a fragment of the paper being torn away and lost, destroyed, or missing; that the loss was unintentional on the part of the testatrix, and was caused by her carrying the will folded in its envelope for a long time, partly after she was of unsound mind.

The testatrix, in each of the first five clauses of the will, bequeathed a specified sum of money to a named person. The court found that the first legacy, which was written on the missing part of the first page, "was established by evidence of the contents." No question is raised here as to the validity of the first five bequests.

A part of the seventh clause of the will is written at the bottom of the first page. It is obvious, from an examination of the will, that the rest of that clause was written at the top of the missing part of the second page. The part of the seventh clause that is written at the bottom of the first page reads as follows:

> "Seventh. I direct that all inheritance taxes on the foregoing legacies shall be paid from my estate, and that they shall be scaled pro-"

The court found, as to this clause:

> "The seventh clause is incomplete, but no claim is made by counsel that it affects the rest of the will beyond what it shows as it stands. Assuming that it directs the *pro rata* of legacies, there is enough estate so such directions would be immaterial either way."

The will, as admitted, to probate, does not mention an eighth clause. There is a seventh clause and a ninth clause in the will. It is not disputed that there was an eighth clause in the will when it was executed, and that the first part of that clause was written on the lower portion of the part that is missing at the top of the second page. The remaining part of the eighth clause, which is written directly above the ninth clause, reads as follows:

> "The D. M. Stearns Missionary Fund, Inc., of 147 West School Lane, Germantown, Philadelphia,

> Pa., and the Moody Schools at East Northfield, Massachusetts, by whatever name known, to be added to the trust funds of those institutions in equal shares.''

The court found that the testatrix did not wish her heirs to have her estate; that she was interested in the petitioner; that she made small gifts to it in her lifetime and she could reasonably be expected to remember it by some gift in her will. It also found that there was no evidence showing that any other institution was mentioned in the eighth clause of the will; that the testatrix was interested in some relatives (not heirs at law) named in the will, and she could reasonably be expected to remember some of them further in her will; that the relatives named in some legacies put in evidence on this subject-matter.

It is the contention of the petitioner that the eighth clause of the will is the residuary clause and that it bequeaths the rest and residue of the estate of the testatrix to it and the Moody Schools in equal shares.

The court found, from the will and the evidence, that the petitioner and the Moody Schools were named in the will as legatees and would have taken some part of the estate; but the court also found that, in the absence of evidence that they were the only legatees named in the will to take the residue of the estate, ''an uncertainty is created as to the shares into which the residue must be divided.''

The court states in its findings:

> ''The denial of the petition is based on the total lack of evidence on certain matters which the court deems necessary to maintain the claim of the petitioner to one-half of the residuary estate. The court finds that it cannot conclude from the condition of the original will, the apparent size of the missing part, or the context of what is left now for examination, that the two named legatees are the only residuary legatees, or how many residuary legatees there were in the will, or what they received, or even if they were residuary in character.''

The court, referring to the bequest to the petitioner, found:

"There was no evidence as to whether this was a residuary legacy or not, except such as is inferred from the fact that the will was well drawn by a lawyer and from its being in the last clause of the will and the usual clause for the disposition of the residue."

The petitioner contends that, on a direct appeal from the probate court to this Court, this Court sits as a higher court of probate with the general jurisdiction to rehear and determine probate matters on their merits. This contention cannot be sustained. Such was formerly the law (*Smith's Heirs* v. *Rix,* 9 Vt. 240); but, since the enactment of the Revised Statutes (1839), which gave an appeal in probate cases to the county court, that court has sat on such appeals as a higher court of probate with the general jurisdiction to rehear and determine probate matters on their merits, and, from that time until 1917, this Court sat as a court of error with the jurisdiction only to revise the decisions of the county court in such appeals upon questions of law. *Adams* v. *Adams,* 21 Vt. 162; *Clark* v. *Clark's Heirs,* 21 Vt. 490; *Holmes* v. *Estate of Holmes,* 26 Vt. 536; *Boyden* v. *Ward,* 38 Vt. 628, 633; *Hutchinson* v. *Hutchinson's Estate,* 38 Vt. 700, 704; *Frost* v. *Frost's Estate,* 40 Vt. 625, 628; *Parkhurst* v. *Healy's Estate,* 97 Vt. 295, 122 Atl. 895; *Phillips* v. *Northfield Trust Co., Exr. et al.,* 107 Vt. 243, 179 Atl. 154 (decided at this term). The appeal in this case was taken under the provisions of P. L. 3001, which was enacted in 1917 (Acts 1917, No. 89). It provides: "A person interested in an order, sentence, decree or denial of a probate court involving only a question of law may take an appeal therefrom directly to the supreme court in the manner provided in cases of appeals from the court of chancery."

As the appeal in this case is like a chancery appeal, a bill of exceptions is required to bring trial errors before this Court. *Clifford* v. *West Hartford Creamery Co.,* 103 Vt. 229, 237, 153 Atl. 205; *In re Fisher's Estate,* 104 Vt. 37, 156 Atl. 878. No bill of exceptions has been signed and filed as required by the statute, so the only question before us is whether the decree of the probate court is supported by the findings.

*Brown* v. *Osgood,* 104 Vt. 87, 156 Atl. 876; *Stevens* v. *Flanders,* 103 Vt. 434, 154 Atl. 673; *In re Fisher's Estate, supra; Clifford* v. *West Hartford Creamery Co., supra.*

It is well settled that the contents of a lost will may be established by evidence, but the proof must be "full and satisfactory." *Dudley* v. *Executors of Wardner,* 41 Vt. 59; *Minkler* v. *Minkler,* 14 Vt. 125. This rule applies with equal force to proving the contents of a part of a will that has been destroyed or lost.

The decree of the probate court is based upon the findings that there was not "full and satisfactory" proof that the eighth clause of the will was a residuary clause or that the petitioner and the Moody Schools were the only legatees named in the will to take the residue of the estate. The court found that the testatrix was interested in some relatives named in the will, who were not heirs at law, and she could reasonably be expected to remember some of them further in the will.

The petitioner alleges in its petition that it is able to and will produce evidence that will prove its claim that the will, as originally executed, devised and bequeathed to it and the Moody Schools the rest and residue of the estate in equal shares. The court found that it did not produce such evidence.

It appears from the findings that the petitioner produced a witness in one of the hearings below who knew the testatrix when the latter lived in New Hampshire, where the will was executed. The witness testified that the testatrix spent considerable time at her place; that she remembered of reading the will to the testatrix when the latter had failing eyesight, and that the petitioner and the Moody Schools were named in the will as legatees, but she did not testify that they were the only legatees named in the eighth clause of the will or that that clause disposed of the residue of the estate.

The petitioner argued here, as it did below, that, considering the condition of the original will, the apparent size of the missing part of the eighth clause, the context of what is now left for examination, and other things, which it is not necessary to mention, that it appears clearly that the eighth clause of the will is the residuary clause, and that the petitioner and the Moody Schools are the only residuary legatees named in the will. The court below found that it could not conclude from those things that "the two named legatees are the only residuary legatees,

or how many residuary legatees there were in the will, or what they received, or even if they were residuary in character.''

The trouble with the argument of the petitioner is that, to arrive at the result claimed, it must base inferences upon inferences, which is not permissible. The rule is that no inference can legitimately be based upon a fact the existence of which itself rests upon a prior inference. The only inferences of fact which the law recognizes are immediate inferences from the facts proved. *Andrews* v. *Watkins' Estate*, 104 Vt. 321, 328, 160 Atl. 176; *Vermont Shade Roller Co.* v. *Burlington Traction Co.*, 102 Vt. 489, 499, 150 Atl. 138, and cases cited. On the record before us, the decree is supported by the findings.

*Decree affirmed. To be certified to the probate court.*