### ALLEN J. LAMB v. CHARLES S. MASON.

*Exemption of Homestead from Attachment.*

Under the statutes of this state, the homestead of a debtor is exempt from attachment upon debts contracted after the filing of the deed thereof in the town clerk's office, and before the occupation of the premises by the debtor as a homestead, when he is in such occupancy at the time of the attachment.

The case of *West River Bank* v. *Gale*, 42 Vt. 27, cited and approved.

EJECTMENT for a messuage and premises in the village of Ludlow. The defendant disclaimed as to all the premises in the declaration mentioned, except as to an estate of homestead therein, set out to him on the 12th of August, 1868, on the levy of an execution against him and one Guernsey in favor of Poor & Co., upon a portion of the premises disclaimed, as to which, he pleaded not guilty. Trial by the court, December term, 1872, BARRETT, J., presiding.

The plaintiff attached said messuage and premises on a writ in his favor against the defendant and said Guernsey on the 3d day of December, 1866, and levied an execution thereon, issued on the judgment rendered in said suit on the first day of April, 1869. Said judgment was founded upon four promissory notes executed by the defendant and said Guernsey in the years 1864, and 1865. The defendant was in possession of said homestead at the time of the attachment, and so continued to the time of trial. Evidence was given as to the value of the use of said premises. The defendant gave in evidence a deed of said premises from Clark H. Chapman to himself, dated January 4, 1856, filed for record February 28, 1856 ; also a deed thereof from the Black River Savings Bank to himself, dated the 5th day of said January, and filed for record on said 28th day of February. At the time said deeds were given, there was a small dwelling-house standing upon said premises.

The defendant gave evidence tending to show that at the time he took said deeds, he intended to build a store on said premises, with a dwelling in the upper part thereof, to be used by himself and family as a homestead, and kept the same for that purpose ;

that in the year 1861, he erected a two story building thereon, and finished off the lower part for a store, and occupied it for a store, and so continued to occupy it until the summer of 1866 ; that the house which was on the premises at the time of purchase, was made an ell, or back part, to the new building, and the building was finished on the outside that year ; that in 1866, and between the 24th day of May and about the first day of November, he finished off the upper part of said building for a dwelling-house for himself and family ; that at the time he took said deeds, he owned and occupied a dwelling-house in said village, and continued to own and occupy the same until May 24, 1866, when he sold and conveyed it for $1850, and moved into a house with his sister, and resided there till the first days of November, 1866, when he moved into the dwelling which he had finished off in said building, and resided therein with his family ever after, using and occupying the same as his homestead, and was so using and occupying the same at the time of the attachment and levy aforesaid ; that when he moved in May, as aforesaid, he put a part of his household goods into said building, and when he built said store building in 1861, he planned to have a dwelling-house in the upper part thereof, and purchased doors therefor that year, and kept them until he finished off the dwelling part in 1866, when he used them ; that the expense of finishing off said dwelling was from twelve to fourteen hundred dollars ; that there was a mortgage on the dwelling-house which he sold in 1866, of three hundred dollars, which he paid on the same day he conveyed it, and before receiving the purchase money therefor.

The homestead set out as aforesaid did not include all of the dwelling part finished off in said building. The defendant claimed that the premises so set out to him as a homestead were exempt from attachment, and gave evidence tending to show that he worked finishing off said dwelling the greater part of the time through the summer and fall of 1866, and that his minor son worked some of the time, and that he had a horse he worked some, and that the work so performed was worth fifty dollars per month. The court found from the evidence that the defendant did not reserve as a separate fund to finish off the upper part of

said building into a dwelling-house, the money received on the sale of his former homestead; nor that any part of that specific money was paid out for that purpose; but did find that he used that money indiscriminately about his current business, and that the payments he made towards the finishing off of the upper part thereof, were made out of the funds he happened to have on hand, without any regard to the source from which they came.

The court rendered judgment for the plaintiff for the seisin and possession of that part of said premises claimed as a homestead, and for the amount of the rental value thereof. Exceptions by the defendant.

*Walker & Goddard*, for the defendant, cited *West River Bank* v. *Gale*, 42 Vt. 27; *Morgan* v. *Stearns et al.* 41 Vt. 398.

*J. J. Wilson* and *A. P. Hunton*, for the plaintiff.

The opinion of the court was delivered by

WHEELER, J. In *West River Bank* v. *Gale*, 42 Vt. 27, it was held that under the statutes of this state the homestead of a debtor was exempt from attachment upon debts contracted after the filing of the deed of the homestead for record in the town clerk's office, and before the occupation of the premises by the debtor as a homestead. There have been several sessions of the legislature since that decision was made and published, and no change has been made in the statutes that received that construction, and it must be regarded as settled. There is nothing in this case to distinguish it from that in principle, and accordingly it must be held that no title to the premises set out to the defendant as a homestead was acquired by the levy.

Judgment reversed, and judgment for the defendant.