## G. A. RUSS AND WIFE *v.* E. F. HENRY'S ESTATE.

*Homestead.    Married Woman.    Husband's Sole Deed.*

The findings of the County Court are conclusive as to whether premises are used or
    kept for a homestead; and a husband's sole deed of premises thus found to be
    neither used nor kept for a homestead is valid.

APPEAL from the Probate Court.    Petition for a homestead
to be set out.

Heard, December Term, 1885.    TAFT, J., presiding.    Peti-
tion dismissed.

It appeared that Elvira M. married Edwin F. Henry in
1858, and from that time to the death of Edwin F., February
8, 1870, lived upon the Lull farm with her husband, keeping
and maintaining a separate family establishment on said
farm, neither owning nor having any other real estate or
home.    Edwin F. Henry had two children born to him by
said Elvira M.    For several years immediately prior to the
death of his grandfather, Thomas Lull, he and wife had
kept house in the front part of the house on said farm,
separate and distinct from his grandson, but using the out-
buildings and lands used in connection therewith in com-
mon with his grandson.    The grandson, during the same

time, occupied, with his wife and children, the north kitchen, two bedrooms, pantry, and one chamber of the house, separate and distinct from Mr. Lull; but used the outbuildings and lands in connection therewith in common with him; and during all that time carried on the farm under some arrangement with his grandfather.

Such was the state of their respective occupancy at the time Thomas Lull died; and the same occupancy and use was kept up by the widow on her part with her sister, and by Edwin F. on his part, for nine weeks immediately following Mr. Lull's death, and thereafter the widow came into the family of Edwin F. and ate at his table; and said Edwin F. continued to have his home and maintain a family establishment in the dwelling-house aforesaid, as he had theretofore, until his death, February 8, 1870, and carried on said farm until about two years prior to his death, when he was obliged to give up the care of the farm on account of poor health.

From the foregoing facts and all the evidence in the case, the court was of the opinion and found that the said Edwin F. Henry did not keep and use said real estate as a homestead after the death of said Thomas and before the deed of August 3, 1864.

The further facts are stated in the opinion.

*Davis & Enright,* for the petitioners.

A homestead may be acquired by being kept or used by the housekeeper or head of a family. It is not necessary that the premises should be kept and used. *Goodall* v. *Boardman,* 53 Vt. 101.

This case is important as involving the question whether the homestead interest of the wife and children can be protected from a secret deed by the husband alone.

Whenever the husband commenced to occupy and keep the premises as his own for a home for himself and family, the homestead right attached, which "could only be de-

feated by the joint deed of himself and wife." *Canfield* v. *Hard, ante,* 217.

"It was not abandoned, and the continued user of it as the family home determined its character as his homestead." POWERS, J., in *Goodall* v. *Boardman,* 53 Vt. 101.

One may have a homestead in an equitable estate. *Doane* v. *Doane,* 46 Vt. 485; *Morgan* v. *Stearns,* 41 Vt. 398; *Canfield* v. *Hard, supra.*

"The essential conditions of this right and interest is ownership and occupancy by the husband and family." *Rice* v. *Rudd,* 57 Vt. 10; *McClary* v. *Bixby,* 36 Vt. 254; *Danforth* v. *Beattie,* 34 Vt. 138; *Abell* v. *Lothrop,* 47 Vt. 380.

There are cases of abandonment of the homestead; but the wife would have to concur, as was done in *Labaree* v. *Wood,* 54 Vt. 452. See *Whiteman* v. *Field,* 53 Vt. 554; R. L. ss. 1904, 1953.

*French & Southgate,* for the defendant.

The finding of the County Court, that the husband, Edwin, "did not use said real estate as a homestead," is conclusive against the petitioner's claim. *Rice* v. *Rudd,* 57 Vt. 6; *Whiteman* v. *Field,* 53 Vt. 554; *Holmes* v. *Estate of Holmes,* 26 Vt. 536; *Boyden* v. *Ward,* 38 Vt. 628.

There could not be two homesteads in this place, as situated at time of deed.

In *McClary* v. *Bixby,* 36 Vt. 254, the homesteader owned an undivided half of the whole house.

In *Danforth* v. *Beattie,* 43 Vt. 138, the case was the same except that there were two houses.

In each case the homesteader's interest was as tenant in common, an interest in every part of the real estate. Here Edwin's right was subordinate to the widow's right, in a certain part; their interests were in separate portions, although not ascertained; and hers comes first.

A second homestead could not exist until the first had been set out. The first homestead, as above illustrated,

might take all the dwelling house. In that case there could not be a second homestead. *Rice* v. *Rudd*, 57 Vt. 6.

The opinion of the court was delivered by

Ross, J. This is a petition by Elvira M. Russ, now the wife of the co-petitioner, formerly the wife of the intestate, Edwin F. Henry, to have a homestead set out to her in certain real estate, of which at one time Edwin F. Henry was part owner. From the facts found by the County Court it appears, that Edwin F. Henry was grandson and sole heir of Thomas Lull; Lull deceased in July, 1884. At that time, and for several years previously, Thomas Lull and his wife, and Edwin F. Henry and his wife and children, were in the occupancy of the farm in which the homestead asked to be set out, is claimed to exist. The title to the farm was in Thomas Lull. It did not appear under what right, or arrangement Edwin F. Henry and his family were occupying the farm, in connection with Thomas Lull and wife, before and at the time of the death of Thomas Lull. On the death of Thomas Lull, the farm became the property of his widow, and the grandson, Edwin F. Henry. Very soon after the death of Thomas Lull, August 3, 1884, the widow of Thomas Lull, and Edwin F. Henry, joined in a deed conveying in terms, the entire farm. The then wife of Edwin F. Henry, now the petitioning wife, did not join in that conveyance. She now claims, that at the time of that conveyance, Edwin F. Henry had a homestead right in the premises, which could not be conveyed by his sole deed. Edwin F. Henry having deceased while occupying the farm, under some arrangement she asks to have her homestead set out to her. Under the present law, to have a homestead exist in premises owned by the husband, the premises, or some part of them, must be *used* or *kept* as a homestead by such husband, or head of a family. Sec. 1894, R. L. *West River Bank* v. *Gale*, 42 Vt. 27; *Whiteman* v. *Field*, 53 Vt. 554. Whether Edwin F. Henry *used* or *kept* the premises in

contention, as a homestead, between the time of the death of Thomas Lull and his deed of August 3, 1864, was a question of fact to be determined by the County Court, the issue having been joined to the court. It is incumbent upon the petitioner claiming the homestead, to establish the fact, that Edwin F. Henry during the interval between the decease of Thomas Lull and his deed, did *use* or *keep* the premises, or a part of them as a homestead. For, if Edwin F. Henry at the time of his deed, August 3, 1864, had no homestead in the premises, his sole deed of that date conveyed his entire interest therein, and no homestead right therein has descended to, and at his decease, become vested in the petitioner. The County Court has found the fact in regard to Edwin F. Henry's keeping or using the real estate in contention as a homestead, after the death of Thomas Lull, and before the deed of August 3, 1864, against the petitioner. This finding is conclusive against her right to have a homestead set out from any portion of such real estate. The judgment of the County Court dismissing the petition is affirmed, and the judgment ordered to be certified to the Probate Court.