## SARAH L. WOODBURY

v.

## W. E. WARREN, TRUSTEE, AND CLAIMANT.

OCTOBER TERM, 1894.

*Homestead.   House in process of erection.*

1.   A dwelling house in process of erection may be exempt from attachment as a homestead.

2.   The rule stated in *Rice* v. *Rudd*, 57 Vt. 6, affirmed.

Assumpsit by trustee process.   Heard at the June term, 1894, Caledonia county, TYLER, J., presiding, upon an agreed statement of facts.   Judgment against the principal defendant and trustee.   The trustee and claimant except.

*W. H. Taylor* for the trustee and claimant.

The house was exempt as a homestead although not completed.   *Lamb* v. *Mason*, 45 Vt. 502 ; *Spaulding* v. *Crane et al.*, 46 Vt. 298 ; *Rice* v. *Rudd*, 57 Vt. 11 ; *Reske* v. *Reske*, 51 Mich. 541 ; *True* v. *Morrill*, 28 Vt. 674 ; *McClarey* v. *Bixby*, 36 Vt. 254 ; *Jewett* v. *Guyer*, 38 Vt. 218 ; *Finnegan* v. *Prindeville*, 83 Mo. 517 ; *Skouton* v. *Wood*, 57 Mo. 380 ; *Shindler* v. *Givens*, 63 Mo. 394 ; *Meinzer* v. *Diveling*, 66 Mo. 375 ; *Howard et al.* v. *Logan*, 81 Ill. 383.

*B. E. Bullard* for the plaintiff.

There can be no homestead without a house fit for occupancy. *Keys* v. *Bump's Admr.*, 59 Vt. 391; 2 Bouvier Law Dict., Tit. Homestead, p. 754; *Spaulding* v. *Cram*, 46 Vt. 292; *Bugbee* v. *Bemis*, 50 Vt. 216; *True* v. *Estate of Morrill*, 28 Vt. 672; *Hamford* v. *Holdman*, 16 Bush. 210; *Lee* v. *Miller*, 11 Allen 37.

THOMPSON, J. The defendant bargained for a building lot in the village of Hardwick in the fall of 1888, and the deed thereof was executed and delivered to him April 20, 1889, and on the same day was filed in the town clerk's office in Hardwick. About the date of the deed the defendant began the erection of a dwelling house on the lot, and the same was in process of erection during the spring and summer of 1889. The defendant moved his family into this house in December, 1889. He has had no other real estate before nor since he took the deed of this.

The plaintiff's cause of action is for rent due her from defendant for the use of her tenement for the months of June and July, 1889, and which fell due August 1, 1889. This indebtedness was created and fell due while the defendant's house was in process of erection. This action was commenced August 9, 1893.

The fund in the trustee's hands is a balance of a note dated July 29, 1893, given by him to the defendant in part payment of the purchase price of this house and lot.

The plaintiff concedes that under R. L., sec. 1076, this fund is exempt from attachment by trustee process, if at the time this indebtedness was created the house and lot were defendant's homestead. We therefore construe the agreed statement of facts as raising this question, no other having been argued by counsel on either side.

The plaintiff contends that while the house was in process

of erection the defendant had no homestead in the lot, and that none could accrue until the house was ready for occupation.

In *West River Bank* v. *Gale*, 42 Vt. 27, and *Lamb* v. *Mason*, 45 Vt. 500, it was held that the homestead of a debtor was exempt from attachment upon debts contracted after the filing of the deed of the homestead for record in the town clerk's office, and before the occupation of the premises by the debtor as a homestead, he being in the occupancy of the same as a homestead at the time of the attachment. The plaintiff attempts to distinguish these cases from the one at bar, in that there was no house upon the premises involved in the latter case at the time the deed was filed in the town clerk's office, nor at the time when the defendant's debt to her was contracted, and relies upon R. L., s. 1894, in support of this contention. S. 1894 is as follows :

"The homestead of a housekeeper or head of a family, consisting of a dwelling house, outbuildings, and the land used in connection therewith, not exceeding five hundred dollars in value, and used or kept by such housekeeper or head of a family as a homestead shall, together with the rents, issues, profits and products thereof, be exempt from attachment and execution, except as hereinafter provided."

Considering the humane purpose of the homestead law, it is too narrow a construction of it to hold that under no circumstances can the debtor's real estate become a homestead, exempt from attachment, unless there is a dwelling house actually erected upon it. In *Rice* v. *Rudd*, 57 Vt. 6, it was said that "to constitute a homestead within the protection of the exemption law, there must be a dwelling house upon the land owned by the housekeeper, or one in process of erection, and actually used or set apart and kept for a home and abiding place for the family." This is the correct construction of the statute. Therefore, as against the plaintiff, the lot and house in process of erection thereon, when

defendant's debt to the plaintiff was contracted, were then the defendant's homestead, and exempt from attachment for that debt.

*Judgment affirmed, without costs as to the defendant. Judgment as to trustee and claimant reversed, and judgment that trustee is discharged with costs, and that claimant is entitled to the funds in the trustee's hands.*