THOMAS W. THORP, exr., *vs.* L. F. WILBUR, exr.

January Term, 1899.

Present: TAFT, C. J., ROWELL, TYLER, MUNSON, START, THOMPSON and
WATSON, JJ.

Opinion filed March 15, 1899.

*Homestead—Abandonment—Intent—Question of Fact.*—Whether premises
are so used or kept as to constitute a homestead is largely determined by
the intention of the homesteader, and this is a fact to be established by
the party claiming the right. In this case the facts show an abandon-
ment of a former homestead and a foreclosure of the homesteader's
right in the larger part of the newly acquired homestead.

Commissioners appointed by the probate court set out a homestead in one
part of the decedent's estate, and an appeal was taken from their
action. Commissioners appointed by the county court found the facts
upon which this court holds that there was an abandonment by the
decedent of a former homestead and the adoption of a new one
substantially identical with the one set out by the probate court
commissioners; but the county court commissioners set out a home-
stead in the old portion of the premises inasmuch as the newly adopted
homestead had been lost by the expiration of a decree of foreclosure.
*Held*, that the newly adopted homestead must be adhered to, and that
the widow was left only such portion as she had not lost through the
foreclosure.

APPEAL FROM PROBATE. Heard on the report of the
commissioners appointed to set out a homestead, at the
September term, 1898, Chittenden county, *Ross*, C. J.,
presiding. Judgment that the defendant is entitled to the
homestead set out to his testate by the probate court
commissioners, so far as the same has not been extinguished
by the foreclosure of the mortgage, and to no other home-
stead or homestead right. No costs to either party. The
defendant excepted.

The plaintiff is the executor of the will of Homer
Thompson and the defendant is executor of the will of
Lovisa A. Thompson, widow of said Homer. April 21,

1887, Benjamin Wheeler and wife conveyed to Homer Thompson premises in Jericho having a frontage on the highway of about eleven rods and a depth of about six rods, with a dwelling-house thereon but no other buildings. September 1, 1887, said Thompson and wife moved into said dwelling-house and occupied the same as their home until June 13, 1892, using in connection therewith a part of the lower story of a tin shop which had been erected in the rear of said dwelling-house since their purchase of the premises, and also using certain parcels of land hereafter described. Shortly after the purchase of the premises said Homer had erected thereon a building the lower story of which he occupied as a store until his death, and the upper story of which was at first used as a public hall. A little later he erected the tin shop before mentioned and still later transformed the hall into a tenement to be used as a dwelling by himself and wife, and on June 13, 1892, began to occupy it as such and continued to reside there until his death, March 27, 1895; and his wife continued to reside there until her death June 15, 1896. A platform extended from the upper story of the tin shop to the tenement over the store and was used as a washing room in connection with the tenement. When the family moved from the small dwelling-house to the rooms over the store the house was leased to a tenant, said Thompson reserving a small part of the cellar for storage purposes, also a small piece of land directly in front of the house for a flower bed and a small piece in the rear of the house for flowers and vegetables. These reservations were kept and occupied by Thompson for the purposes stated until his decease. There was also a well between the dwelling-house and tin shop which was used in connection with the tenement. The rest of the premises in the Wheeler purchase with the buildings afterwards erected, except a piece of land used for the piling of wood, was used by said Thompson in his business. January 3, 1888, Homer Thompson executed his sole mortgage deed

to Thomas W. Thorp of a strip of land sixty-three feet wide
fronting on said highway and extending back eighty-six feet
on the easterly side of the Wheeler purchase, being the land
upon which the store was erected. The mortgage described
the premises as bounded on the westerly side by Thompson's
homestead and the premises claimed to within a few inches
of the said small dwelling-house and tin shop but were not
separated from the same by any fence or other barrier and
did not cover the well or lands used as flower beds and
garden.

The county court commissioners found from the foregoing
facts that after the removal from the dwelling-house to the
tenement over the store the upper part of the tinshop, the
well, the part of the cellar under the dwelling-house, the
lands in front and rear of the same used for raising flowers
and vegetables, and small places in the rear of the lot used
for piling wood, were, in connection with the tenement over
the store, used, occupied and kept by the said Thompson
and his wife in their lifetime and at their death as a
homestead.

At the March term, 1896, said mortgage, having been
assigned to W. E. Thorp, was foreclosed and the plaintiff, as
executor of Homer, and the said Lovisa A. Thompson, were
made defendants. On the 18th day of February previous
said Lovisa had brought her petition to the probate court
to have her homestead set out from the premises covered by
the Wheeler purchase. Said foreclosure case as finally
determined is reported in 70 Vt. 47.

The petition of the said Lovisa was granted by the
probate court and commissioners were appointed who
appraised and set off as her homestead the tenement over
the store, the room over the tinshop, the right to take
water from the well and certain other rights and privileges
in conection with said premises, from which proceedings the
plaintiff herein appealed.

The county court commissioners found that from and after

said 13th day of June, 1892, said mortgaged premises were never worth more than the incumbrance, and in view of the facts above set forth reported that the estate of said Lovisa is entitled to a homestead in the Wheeler premises, and set forth the same by metes and bounds in a portion of the premises not included in the mortgage.

*L. F. Wilbur* for the defendant.

*W. L. Burnap* and *J. J. Monahan* for the plaintiff.

ROWELL, J.   A homestead consists of a dwelling-house, out-buildings, and the land used in connection therewith, not exceeding five hundred dollars in value, used or kept as a homestead.   When Thompson moved into the rooms over the store, which he finished for the purpose of living in himself, he rented the little house that he had been living in, reserving a small part of the cellar for storage purposes, a small piece of land in front of the house for a flower-bed, and a small piece in the rear for flowers and vegetables.

The commissioners find that after moving into the store in June, 1892, said rooms, in connection with a portion of the upper part of the tinshop, the well between the tinshop and the little house, said reservations, and certain small pieces of land in the rear of the tinshop that were used for piling wood, were used, occupied, and kept by Thompson and his wife as a homestead until he died in March, 1895, and thereafter by her till she died in June, 1896.   The rest of the premises, they find, with the buildings that Thompson erected thereon, were used by him in his business.   It being found that said reservations were kept and used as aforesaid during all the time Thompson and his wife lived over the store, we infer that the little house was rented all that time.   This fact, and the fact that the rooms over the store were used and kept as a homestead, conclusively show that the little house was abandoned as a dwelling-house, and that thereafter it was neither used nor kept as a part of the homestead, but only for the purpose of renting.   It can,

therefore, constitute no part of the homestead. *Bugbee* v. *Bemis*, 50 Vt. 216. Nor, for the same reason, can the land rented with it, if any there was, which does not appear, though it would seem that there was some, for otherwise there was no need of reserving any in the lease.

The dwelling-house, then, being in the store building, the homestead right centered there, and when the decree of foreclosure became absolute, that part of the right—which was of nominal value only, as the mortgage debt was more than the value of the land—was lost, leaving nothing to satisfy the rest of the right except what there was of the homestead in that portion of the premises not covered by the mortgage. Now we have seen that what was rented of that portion constituted no part of the homestead. Nor did what Thompson used of it in his business, because he neither used nor kept it as a homestead; for when the commissioners find specifically what of that portion he did use and keep as a homestead, and do not include what he used in his business, they by necessary implication find that he did not use nor keep that part as a homestead, and did not intend it to be a part of his homestead. Whether premises are so used or kept as to constitute a homestead is largely determined by the intention of the homesteader. *Whiteman* v. *Field*, 53 Vt. 554; *Thorp* v. *Thorp*, 70 Vt. at p. 50. And whether they are so used or kept is a fact to be established by the party claiming the right. *Russ* v. *Henry*, 58 Vt. 388; *Thorp* v. *Thorp*, 70 Vt. at p. 50. Here the party claiming has failed to establish the right in the rented portion of the premises not covered by the mortgage, and in the part that was used by the homesteader in his business; but in the rest of the unincumbered part of the premises he has established the right, and therefore is entitled to have that part set out to him accordingly.

The judgment of the probate court that the widow was entitled to a homestead does not affect the question, though not appealed from, for that adjudication was based upon

the case made by her petition to have a homestead set out to her, and was simply a decision that upon the facts alleged she was entitled to a homestead.

The county court adjudged to the defendant, who is the personal representative of the widow, the homestead set out by the commissioners appointed by the probate court, as far as the same had not been extinguished by the decree of foreclosure. This gives the defendant less than the county court commissioners have found was used, occupied, and kept as a homestead in the unincumbered part of the premises.

> *Therefore that judgment is reversed, and judgment that the defendant is entitled to have set out to him all that the county court commissioners have found was then used, occupied, and kept, as shown by their report. Let the defendant recover his costs in this court, but not below, for such was the judgment there. Let this judgment be certified to the probate court.*