In re Estate of Helene Wolff.
In re Estate of Henry Wolff.

Special Term at Rutland, November, 1935.

Present: Powers, C. J., Moulton, Thompson, and Sherburne, JJ., and Buttles, Supr. J.

Opinion filed January 7, 1936.

*Wayne C. Bosworth* for the appellants.

*Wilbur E. Eno* for the appellee.

SHERBURNE, J. From the findings of fact made by the probate court we learn, that in 1906, Henry Wolff purchased a cottage upon Lake Dunmore in Salisbury, as a summer place for July and August occupancy, and took title in the name of his wife, Helene Wolff. This cottage was not habitable in winter and was kept boarded up each year when not in use. It was occupied by Mr. Wolff every summer during July and August until his death. Until her death in 1921, Helene Wolff occupied it with him. After his remarriage in 1923, his second wife occupied it with him. In the summer of 1933, Mr. Wolff was in poor health and returned to New York City about the middle of August, and died there on November 1. During all this time the residence of the Wolffs, at least the rest of each year, was in some part of New York City, but neither owned any real estate

there except from 1919 to 1927, when he owned No. 250 Echo Place, Bronx, New York. After the sale of this he and his wife resided in various leased apartments. The apartment was always closed when they were at Lake Dunmore, except that occasionally one of his sons occupied it. He always voted in New York City in such precinct as he might be living in at the time.

Each decree sets up the decedent as late of New York City and as owning real estate in Salisbury. In the Estate of Helene Wolff the decree recited: "And whereas, the Court finds (see also Findings of Fact by the Court) that said Henry Wolff had a homestead interest of $1,000 in said real estate, the said real estate being used or kept as a homestead and there being no other real estate of the deceased so kept in Vermont or in any other jurisdiction"; and the cottage having been sold by the administrator, decreed $1,000 of the avails thereof to the Estate of Henry Wolff. In the Estate of Henry Wolff the decree recites: "And whereas the Court finds (see also Findings of Fact by the Court) that Hattie Wolff, the widow of said Henry Wolff, is entitled to a homestead to the value of $1,000.00 in the proceeds of the sale of said real estate, the said real estate being used or kept as a homestead, and there being no other real estate of the deceased so kept or used in Vermont or in any other jurisdiction"; and decrees to said Hattie Wolff $1,000 as the proceeds of such sale. From these decrees appeals have been taken to this Court.

■■ G. L. 2706, as amended by sec. 1, of No. 74, of the Acts of 1921, and now incorporated into P. L. 2559, defines the homestead exemption. So far as material here it consists of a dwelling house, out-buildings and the land used in connection therewith, not exceeding one thousand dollars in value, and owned and used or kept by a natural person as a homestead. It must be actually used or set apart and kept for a home and an abiding place. *Rice* v. *Rudd*, 57 Vt. 6, 11; *Keyes* v. *Bump's Admr.*, 59 Vt. 391, 395, 9 Atl. 598; *Woodbury* v. *Warren*, 67 Vt. 251, 253, 31 Atl. 295, 48 A. S. R. 815; *Thorp* v. *Thorp*, 70 Vt. 46, 49, 39 Atl. 245; *Cushman* v. *Davis*, 79 Vt. 111, 117, 118, 64 Atl. 456. A person can have but one homestead at a given time. *Goodale* v. *Boardman*, 53 Vt. 92, 101. Occupancy for a temporary purpose is insufficient. *Goodale* v. *Boardman, supra;*

*Whiteman* v. *Field*, 53 Vt. 554, 556. Intention largely determines whether the real estate is kept or used as a homestead. *Whiteman* v. *Field*, 53 Vt. 554, 557; *Thorp* v. *Thorp*, 70 Vt. 46, 50, 39 Atl. 245; *Thorp* v. *Wilbur*, 71 Vt. 266, 270, 44 Atl. 339; *Cushman* v. *Davis*, 79 Vt. 111, 119, 64 Atl. 456; *Blodgett* v. *Lawrence*, 90 Vt. 269, 274, 97 Atl. 666. To be a homestead, therefore, it must be used or set apart and kept for a fixed, permanent home and principal establishment to which, whenever the owner is absent, he has the intention of returning.

 Disregarding the words quoted from the decrees, the findings of fact fail to disclose any intention to make a permanent home at the cottage. On the contrary, they clearly show that the occupancy of the cottage was for a temporary purpose, that the Wolffs had their home in New York City, and that no homestead right existed in either estate in Vermont.

 But the appellee says that the words used in the decrees are findings that the cottage was in fact used or kept as a homestead. As special findings of fact are not required in probate courts, had there been no prior findings of fact in the record these words would have been conclusive in the absence of a bill of exceptions. *In re Fisher's Estate*, 104 Vt. 37, 39, 156 Atl. 878; *In re Estate of Gates*, 107 Vt. 304, 309, 179 Atl. 159. There being findings of fact and no bill of exceptions the only question is whether the decrees are supported by the findings, *In re Estate of Gates, supra*, unless the words used in the decrees are to be construed as separate and additional findings of fact rather than legal conclusions from the prior findings of fact.

 The purpose of findings of fact is to sift the evidence and state the facts. *Francis* v. *London Guarantee & Accident Co.*, 100 Vt. 425, 428, 138 Atl. 780. It is evident that this is what the probate court did in making its findings of fact. A careful examination of the decrees must lead to the conclusion that the words used merely state the court's legal conclusions from its prior findings of fact. Each refers to these findings. The term "late of the County, City and State of New York," as used in the decrees, can only mean that when decedents died their legal residence was there. It is apparent that because of a misunderstanding of what constitutes a homestead the probate court concluded that, although decedents resided in New York

58

City, they used or kept the cottage as a homestead because they owned no other.

By no reasonable inference from the facts found can the decrees be sustained.

*Decrees reversed, and causes remanded to the probate court for decrees so corrected as to conform to the views herein expressed; to be so certified.*