HAMMONDS, INC. *v.* C. E. FLANDERS.

February Term, 1937.

Present: POWERS, C. J., SLACK, MOULTON, SHERBURNE and BUTTLES, JJ.

Opinion filed May 4, 1937.

*G. F. Davis* for the plaintiff.

*Clayton H. Kinney* for the defendant.

SHERBURNE, J. This is an action in contract to recover a balance alleged to be due on account. The defendant pleaded the general issue and accord and satisfaction. Trial was by court and judgment was for the defendant, and the case comes up upon plaintiff's exceptions.

Because the findings are meager, it is necessary to set forth what they show and to quote from them to some considerable extent in order properly to present the points made by the exceptions. "All items in specification, except interest items, were conceded subject to defendant's claim of full payment. In support of his answer, defendant's evidence tended to show that there was an unsettled account between plaintiff and defendant, and that certain items of 'commission' were in dispute. That after a talk between them * * * the defendant wrote a letter to the plaintiff enclosing a statement of the account between them, as he then claimed it to be, and enclosed a check for $101.68

(Deft's 1, Deft's 8 and Deft's 9). That said check bore on the upper left-hand corner thereof the notation 'Balance on account to date $101.68 per statement attached' when mailed to the plaintiff with said letter and statement. That the check later came back through the bank in the usual course of business bearing the plaintiff's endorsement on the back thereof.'' The plaintiff denied having received the letter and statement, and copies were received in connection with defendant's testimony. The plaintiff averred that the notation was not on the check when he received it, and produced his bookkeeper in corroboration of his testimony, who would not swear that the notation was not on the check when she opened the mail, but could not remember any letter or statement enclosed with the check. ''According to the rules, the burden was on the defendant to show payment. The check (Deft's 1) and the endorsement by plaintiff is *prima facie* evidence of the fact shown by it, and unless overcome by other evidence, is evidence of payment. It would have been tantamount to fraud, if defendant made the notation showing payment in the upper left-hand portion of said check, after it came back into his possession through the bank, and without the knowledge of the plaintiff, the other party to be bound thereby. Or if defendant created, 'faked' or made up letters to create evidence in his favor for the purposes of this trial. It is a rule of law that he who alleges fraud must prove it. The burden shifts from the defendant, who it is held has made out a *prima facie* case, at least, to the plaintiff, who claims that the check has been altered, that the purported copies of letters introduced by the defendant are untrue, that he never received any such letters. Fraud is never presumed, but must be affirmatively proved by a fair preponderance of the weight of the evidence. The law presumes that all men act fairly and honestly, that their dealings are in good faith, until such presumption is overcome by a preponderance of the weight of the evidence. In this case the court cannot presume that the defendant forged the notation in the upper left-hand corner of Deft's Ex. 1 after it came back into his hands, or that defendant 'faked' or forged the several letters, copies of which were produced, but which plaintiff said he never received. Standing as the evidence does, after careful scrutiny of all the evidence and exhibits submitted to me, I find that the defendant has made out his case, showing payment, as a defense, by a fair pre-

ponderance of the weight of the evidence. That the plaintiff has failed in his burden to show fraud on the part of the defendant by the weight of the evidence required." Nothing is said about the items in plaintiff's specifications, nor about the contents of defendant's letter and statement of account, nor what items were in dispute. The findings do not even refer to the exhibits nor attempt in any way to make them a part of the findings.

■ Although plaintiff's bill of exceptions recites that he takes exceptions to the findings of fact, the clear intent from the four specifications of exception is that he excepts to the judgment upon the ground that the findings are insufficient to support the judgment. We are satisfied that these exceptions so apprised the court, and we so treat them.

The first two exceptions are: 1. That the findings are insufficient in that they fail to find what the facts are and merely report what the evidence was. 2. That the finding contained in the sentence commencing with the words "Standing as the evidence does" and quoted above is not sufficient to support the judgment.

■ ■ It is the duty of a municipal court, when a cause triable by jury is tried by court, to make and file findings of fact upon which a judgment is rendered. *Falzarano* v. *Demasso,* 98 Vt. 209, 214, 126 Atl. 394. In making findings it is the duty of the court to sift the evidence and state the facts. *Raithel* v. *Hall,* 99 Vt. 65, 70, 130 Atl. 749; *Hooper* v. *Kennedy,* 100 Vt. 376, 138 Atl. 778; *Francis* v. *London Guarantee & Accident Co.,* 100 Vt. 425, 138 Atl. 780; *In re Estate of Wolff,* 108 Vt. 54, 57, 182 Atl. 187. In the Francis case the chancellor merely said that "the allegations in the plaintiff's bill of complaint have been proven and are true," and that "the evidence introduced by the defendant is true." These were held not to be such findings as the law requires. Had the court in the instant case complied with this rule, it would have found the separate facts which were proven instead of merely reciting what the evidence was or tended to show on the part of each party. Without more appearing than is shown, the finding that the defendant has made out his case showing payment is insufficient to support a judgment for the defendant.

Plaintiff's third exception is to the language of the findings to the effect that the plaintiff had the burden of proving by a

preponderance of the evidence that the notation was not upon the check when he received it and that he did not receive defendant's letter and statement of account.

■■ The burden of establishing an accord and satisfaction was upon the defendant. *Drown's Guardian* v. *Chesley's Estate,* 92 Vt. 19, 24, 102 Atl. 102, L. R. A. 1918A, 1056; *Crosby's Admrs.* v. *Naatz,* 98 Vt. 226, 126 Atl. 547. If this notation was put upon the check after its return from the bank, it was an alteration which was not apparent upon the face of the check. There is a conflict in the cases as to where the burden of proof, as distinguished from the burden of evidence, rests when a person resists against an instrument which he claims has been altered and the alteration is not apparent on its face. Some cases hold that the burden of proof is upon him, while others hold that while the introduction of the instrument into evidence upon proof of his signature makes a *prima facie* case, yet if such person introduces evidence tending to show an alteration, the burden remains with the party claiming to recover upon the instrument to establish that the instrument has not been altered. See notes, 31 A. L. R. 1455; 2 Am. Jur. 667. However the rule may be as to the ordinary alteration, we are satisfied that our well-established rules of proof should apply in determining whether or not the notation was upon the check when received by the plaintiff. When the defendant had introduced the check with the notation upon it and the endorsement of the plaintiff on its back, and evidence tending to show that he had mailed with the check the letter and statement of account, he had made out a *prima facie* case of accord and satisfaction, assuming that the findings show that the balance due the plaintiff was disputed and unliquidated (see *Dow* v. *A. C. Cheney Piano Action Co.,* 104 Vt. 350, 357, 160 Atl. 274, and cases cited), and needed to go no further until the plaintiff brought forward evidence tending to rebut it. At that point the burden of evidence shifted, and the *prima facie* case would have become the established case, if nothing further had appeared. But when the plaintiff introduced evidence tending to show that the notation was not upon the check when he received it, and that he did not receive the letter and statement of account, the presumption became *functus officio,* so far as sustaining the burden of evidence was concerned, and the burden remained on the defendant to show that the nota-

tion was then upon the check, and that the plaintiff received the letter and statement. *Rutland Ry. Light & Power Co.* v. *Williams et al.,* 90 Vt. 276, 281, 98 Atl. 85; *Pacific Lumber Agency* v. *National Aircraft Materials Corp.,* 108 Vt. 10, 16, 182 Atl. 192, and cases cited. See, also, *C. H. Smith Tie & Timber Co.* v. *Weatherford,* 92 Ark. 6, 121 S. W. 944; and *O. C. Robitzsch & Son* v. *Taliaferro* (Tex. Civ. App.), 237 S. W. 637; similar check cases, where the same result was reached. This error as to the burden of proof may have affected the final conclusion of the court below.

██ ██ We need not consider the fourth exception, that the plaintiff should have had judgment for the items of his specifications which were conceded, as we think the case should be remanded for a new trial to the end that no injustice be done. Enough appears in the record to satisfy us that the defendant may have a meritorious defense if the facts are properly presented and found, and we think that he should have an opportunity to have this done. *O'Boyle* v. *Parker-Young Co.,* 95 Vt. 58, 63, 112 Atl. 385.

*Judgment reversed, and cause remanded.*