E. J. ROBERTS & SON *v.* MAXWELL POWERS.

(55 A2d 124)

May Term, 1947.

Present: MOULTON, C. J., SHERBURNE, BUTTLES, STURTEVANT and JEFFORDS, JJ.

Opinion Filed October 7, 1947.

*Reuben Levin* for the defendant.

*Barber & Barber* (*Ralph Chapman* on the brief) for the plaintiff.

STURTEVANT, J. This is a contract action in which the plaintiff seeks to recover the balance due on a conditional sale note for the purchase of an automobile and for certain automobile accessories set forth in the specifications filed with the writ. The defendant filed an answer and a plea in set-off containing the following statement. "The plaintiff is indebted to the defendant in the sum of one hundred dollars for gas and oil furnished by the defendant to the plaintiff, and at the plaintiff's request." The defendant filed no specification of his claim as required by municipal court rule number 7. Also, he concedes that this is a collection suit and that his failure to file an affidavit of defense concedes the validity of the plaintiff's claim. The plaintiff filed a motion for judgment and after hearing thereon this motion was granted and judgment was entered for the plaintiff to recover the full amount of his claim, viz, $264.64. The defendant excepted to the entry of such judgment on the grounds that he was entitled to a hearing on the merits of his claim in set-off and that the amount due him from the plaintiff should have been deducted from the plaintiff's claim and a judgment rendered in plaintiff's favor for the balance only.

The plaintiff contends that the defendant's exceptions should be dismissed because he has failed to file copies of the printed case as required by our rule number 7. However, from undisputed facts and from the bill of exceptions filed by the defendant, enough appears to permit full consideration of the defendant's single exception. Passing over the question of defendant's failure to file printed copies of the case as required by our rule number 7, we come to the defendant's contention that he was entitled to a hearing on the merits of his claim in set-off. While under the provisions of P. L. 1605 the defendant was permitted to file a plea in set-off, he was not entitled to a hearing on the merits of such claim without compliance with municipal court rule 7, which states: "Specifications in actions of contract and in pleas or declarations in set-off shall be filed at the time of filing the declaration or plea. . . . The court may impose terms for failure to comply with this rule." It follows that the defendant's exception is without merit. Ordinary procedure would require us to affirm the judgment.

However, as pointed out by the plaintiff, there is nothing in the files or record to show what disposition, if any, the court made of defendant's claim in set-off. Also, it appears that this case was pending in the lower court for about three years before judgment was rendered. It may well be that justice requires a disposition of defendant's claim in set-off in this action and if the same is found to have merit it should be set off against the claim of the plaintiff. Municipal court rule 7 permits a defendant to file specifications of a claim in set-off out of time on such terms as the court finds just. Under our practice we may remand a case for a new trial or for further proceedings in order that no injustice be done. *Hebard* v. *Cutter,* 91 Vt 218, 222, 99A 879; *Rice et al. Exrs.,* v. *Bennington County Sav. Bank,* 93 Vt, 493, 494, 512, 108A 708; *O'Boyle et al.,* v. *Parker-Young Co.,* 95 Vt 58, 63, 112A 385; *Hammonds, Inc.,* v. *Flanders,* 109 Vt 78, 83, 191A 925.

As we have seen, an affirmance of the judgment below might result in an injustice to the defendant. Therefore the entry order is: *Judgment reversed, pro forma, and cause remanded for further proceedings, including some disposition of the defendant's plea in set-off.*