E. J. ROBERTS & SON *v.* MAXWELL POWERS.

(61 A2d 609)

May Term, 1948.

Present: MOULTON, C. J., SHERBURNE, BUTTLES, STURTEVANT and JEFFORDS, JJ.

Opinion filed October 5, 1948.

*Reuben Levin* for the defendant.

*Ralph Chapman* for the plaintiff.

BUTTLES, J. This case has been here before and is reported in 115 Vt 185, 55 A2d 124. It is an action in contract, brought·in Brattleboro Municipal Court to recover the unpaid balance of a conditional sale note for the purchase price of an automobile and for certain accessories set forth in plaintiff's specification. It being a collection suit to which no affidavit of defense was filed the validity of the plaintiff's claim was conceded. The defendant filed an answer and a plea in set-off containing this statement: "The plaintiff is indebted to the defendant in the sum of one hundred dollars for gas and oil furnished by the defendant to the plaintiff, and at the plaintiff's request". It was said in our previous opinion that no specification of defendant's claim was filed as required by Municipal Court Rule No. 7.

At the original hearing below, plaintiff's motion for judgment was granted and judgment was rendered for the full amount of

plaintiff's claim. The defendant excepted to the entry of such judgment on the grounds that he was entitled to a hearing on the merits of his claim in set-off, and that the amount due him from the plaintiff should have been deducted from the plaintiff's claim and a judgment rendered in plaintiff's favor for the balance only.

We held that the defendant was not entitled to a hearing on his claim in set-off without compliance with municipal court rule number 7 which says: "specifications in actions of contract and in pleas or declarations in set-off shall be filed at the time of filing the declaration or plea. The court may impose terms for failure to comply with this rule". We further said that the defendant's exception was without merit and that ordinary procedure would require an affirmance of the judgment.

But in view of the fact that the case had been pending in the lower court for about three years before judgment was rendered and there was nothing in the record or files to show what disposition, if any, had been made of the defendant's plea in set-off, and also in view of the provision of rule 7 which, in effect, permitted a defendant to file a specification of a claim in set-off out of time upon such terms as the court should find just, we said that it might well be that justice required a disposition of the defendant's claim in this case and if the same is found to have merit it should be set off against the claim of the plaintiff. The judgment was therefore reversed pro forma and the cause remanded for further proceedings, including some disposition of the defendant's plea in set-off.

The defendant contends that this Court intended to and did direct, unconditionally, that a hearing be had on the merits of his claim, and if found to have merit that the amount thereof should be set off against the plaintiff's claim. But read in connection with the whole of the last two paragraphs of the opinion our statement cannot be so interpreted. When so read it is apparent that a hearing on the merits was directed only in the event that no final disposition of the defendant's claim in set-off should have been made and that a specification had been or should be filed out of time in compliance with the terms imposed by the court.

After remand the matter came on for hearing in the municipal court before Acting Judge Daley on the plaintiff's motion for dismissal of the defendant's claim for failure to file a specification in compliance with the rule, and for judgment in favor of the plaintiff. It appears from findings of the court which are not challenged

that at the hearing counsel for the defendant stated, in reply to the court's question, that he had no motions either oral or written to be filed, and that he had no specification to be filed in support of his claim in set-off, claiming that his specification was included in "Defendant's Answer and Counter Claim" in paragraph three thereof, which is the statement we have quoted herein. Defendant then moved for a jury trial which was denied.

In our previous opinion we had quoted this statement of defendant's claim which he now urges was a specification, and immediately thereafter had said that the defendant filed no specification as required by municipal court rule number 7, thereby indicating that the statement was not such specification. We adhere to that ruling. Specification is defined by Webster's New International Dictionary as a "written statement containing a minute description or enumeration of particulars." It is a definite or formal mention of particulars. 58 CJ 828. The defendant's statement gives no details or particulars of dates, places, amounts or prices of gas or oil alleged to have been furnished. It does not meet the requirements of the rule or of good pleading. The defendant's statement made before Judge Daley was, therefore, a judicial admission that he had not, at any time, filed a specification as required by rule seven.

The testimony of Judge Shea, who presided at the previous trial, was then taken, findings of fact were filed, the defendant's claim in set-off was dismissed and judgment was entered for the plaintiff for the amount shown by its specification with interest and costs, as appears from the docket entries, to which we may refer. *Brown* v. *Vermont Mut. Fire Ins. Co.,* 92 Vt 272, 273, 102 A 1042; *Spaulding* v. *Warner,* 57 Vt 654, 658.

Exceptions taken to certain findings and to the judgment would not avail the defendant even if they were more adequately briefed. The exceptions to the findings that no part of the defendant's answer and counter claim constitutes a specification, and to the finding that the defendant has failed to file a specification with his counter claim as required by the rule are covered by the defendant's admission and what we have already said. It is not necessary to consider the finding as to what Judge Shea did or failed to do at the previous trial, nor the exception to that finding.

There was no issue before the court upon which a jury trial was demandable. The judgment was merely a re-entry, with addi-

tional interest and costs, of the previous judgment which had been reversed pro forma only. In view of what we have said the entry of such judgment and the dismissal of the plea in set-off were required by the defendant's judicial admission.

*Judgment affirmed.*